868 So.2d 902 (2004)
STATE of Louisiana
v.
Wesley TUMBLIN.
No. 03-KA-1193.
Court of Appeal of Louisiana, Fifth Circuit.
February 23, 2004.
*903 John H. Musser, IV, Don Almerico, St. Rose, LA, for Appellant, Sheriff Greg Champagne.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS, and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
On June 30, 1994, Wesley Tumblin was arrested and charged with attempted second degree murder, possession of stolen property, contributing to the delinquency of a minor, and resisting arrest. Pursuant to a plea agreement, the St. Charles Parish District Attorney filed a bill of information on September 13, 1994, charging defendant with attempted aggravated battery with a handgun, in violation of La. R.S. 14:27 and La. R.S. 14:34. That same day, Tumblin, who was represented by counsel, pleaded guilty to the reduced charge.
During his guilty plea colloquy that day, Tumblin acknowledged that he entered his plea with the understanding that he would be sentenced to "a five year term with the Louisiana Department of Corrections," which would be suspended, and that he would be placed on three years of active probation to be followed by two years of inactive probation. Defendant waived statutory sentencing delays and the trial judge imposed a five-year suspended sentence at hard labor and placed Tumblin on active probation for three years to be followed by inactive probation for two years with special conditions of probation.
In the trial court record on Tumblin's attempted aggravated battery conviction, a minute entry dated January 21, 1998 reads, "Case satisfied. Probation terminated." On June 15, 1998, the Probation and Parole Division of the Louisiana Department of Public Safety notified Wesley Tumblin that, after successfully completing his sentence, he had been fully pardoned for attempted aggravated battery effective January 21, 1998. Further, this automatic first offender pardon restored all rights of citizenship, except the right to receive, possess, or transport a firearm.
On July 23, 2003, Tumblin filed a Motion to Expunge Criminal Record. Both the St. Charles Parish District Attorney and the St. Charles Parish Sheriff objected to Tumblin's Motion to Expunge. On August *904 13, 2003, the trial judge held a contradictory hearing on Tumblin's motion and took the matter under advisement. On August 18, 2003, the trial judge ordered that the criminal record in question "is hereby expunged." He further ordered that records from "all law enforcement agencies [including St. Charles Parish Sheriff, Federal Bureau of Investigation, and Louisiana State Police] are hereby ordered to be sealed, destroyed, erased and/or take whatever action is needed to expunge the criminal record of the aforesaid, all in accordance with law." On September 5, 2003, St. Charles Parish Sheriff Greg Champagne filed a motion for appeal, which was granted.
On appeal, Sheriff Champagne asserts three assignments of error: the trial judge erred in granting expungement where prosecution was instituted and a conviction was obtained; the trial judge erred in ordering expungement of a criminal record where the plea was not tendered pursuant to La.C.Cr.P. art. 893; and the trial judge erred in expunging defendant's criminal record over the objections of the St. Charles District Attorney and St. Charles Parish Sheriff's Office. Mr. Tumblin has not answered Sheriff Champagne's appeal.
La. R.S. 44:9 governs the expungement of criminal records and, regarding records of felony convictions, reads in pertinent part:
E. (1)(a) No court shall order the destruction of any record of the arrest and prosecution of any person convicted of a felony, including a conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure.
(b) After a contradictory hearing with the district attorney and the arresting law enforcement agency, the court may order expungement of the record of a felony conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure. Upon the entry of such an order of expungement, all rights which were lost or suspended by virtue of the conviction shall be restored to the person against whom the conviction has been entered, and such person shall be treated in all respects as not having been arrested or convicted unless otherwise provided in this Section or otherwise provided in the Code of Criminal Procedure Articles 893 and 894.
* * *
G. "Expungement" means removal of a record from public access but does not mean destruction of the record. An expunged record is confidential, but remains available for use by law enforcement agencies, criminal justice agencies, the Louisiana State Board of Medical Examiners, the Louisiana State Board of Nursing, the Louisiana State Board of Dentistry or the Louisiana State Board of Examiners of Psychologists.
La. R.S. 14:34 defines aggravated battery as a battery committed with a dangerous weapon. Further, a defendant who is convicted of aggravated battery is subject to a fine of not more than five thousand dollars, imprisonment with or without hard labor for not more than ten years, or both.
According to La. R.S. 14:27(D)(3), which is the default punishment provision for attempted felonies, "In all other cases [a person convicted of attempt] shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both." Consequently, attempted aggravated battery is punishable by a fine of $2,500.00, or imprisonment with or without hard labor for not more than five years, or both.
La.C.Cr.P. art. 934 defines "convicted" as "adjudicated guilty after a plea or after *905 trial on the merits." In this case, defendant pled guilty to attempted aggravated battery, which is a felony. La. R.S. 14:2(4). Further, the trial judge accepted defendant's guilty plea and adjudicated him guilty before imposing sentence on September 8, 1994.
Under La. R.S. 44:9(E)(1)(a), the trial judge cannot order the destruction of any record of the arrest and prosecution of any person convicted of a felony. Therefore, we find that the trial judge's order to destroy the record of defendant's felony conviction was in error.
Next, we address whether the record can be expunged. According to La. R.S. 44:9(E)(1)(b), the court may order expungement of the record of a felony conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure after a contradictory hearing with the district attorney and the arresting law enforcement agency. Initially, we note, as Sheriff Champagne correctly points out, that defendant did not plead guilty under La.C.Cr.P. art. 893.
Under the law in effect at the time of defendant's 1994 guilty plea, La.C.Cr.P. art. 893 authorized that, for certain felony offenses, the trial judge could suspend the imposition or the execution of sentence and place a defendant on probation.[1] It also gave the trial judge discretion to set aside and dismiss the prosecution of certain felony convictions, when the imposition of the sentence had been suspended. The dismissal operated as an acquittal subject to its use as a basis for enhancement of a habitual offender sentence. Again, the trial judge only has the authority to grant a judgment of dismissal or acquittal when the imposition of the sentence is deferred.[2] Here, defendant's sentence was imposed not deferred. As such, defendant was not eligible for the benefits afforded by La.C.Cr.P. art. 893, including dismissal. Further, according to La. R.S. 44:9(E)(1)(b), since the defendant's conviction was not dismissed pursuant to La. C.Cr.P. art. 893, the record of defendant's felony conviction may not be expunged.
Finally, because we find merit in his first and second assignments of error, we pretermit discussion of Sheriff Champagne's third assignment of error. For the foregoing reasons, we vacate and set aside the trial court's order granting expungement and destruction of his 1994 attempted aggravated battery conviction and remand for further proceedings consistent with this opinion.
VACATED AND REMANDED.
NOTES
[1] See the 1996 Official Revision Comments to La.C.Cr.P. art. 893.
[2] La.C.Cr.P. art. 893(D)(1)(a) and (2).