874 So.2d 365 (2004)
STATE of Louisiana, Plaintiff-Appellee,
v.
Alvin Ray OLIVER, Defendant-Appellant.
No. 38,520-CA.
Court of Appeal of Louisiana, Second Circuit.
May 12, 2004.
*366 Hal V. Lyons, Shreveport, for Appellant.
Paul J. Carmouche, District Attorney, Shenequa Grey, J. Thomas Butler, Assistant District Attorneys, for Appellee.
Before BROWN, GASKINS and LOLLEY, JJ.
GASKINS, J.
Alvin Ray Oliver appeals from a judgment denying his petition to expunge his criminal record. We affirm.

FACTS
On April 19, 1993, Oliver pled guilty in the First Judicial District Court to one count of felony theft. The minutes of court from that date reflect:
The accused, being present with his counsel, Pam Smart, withdrew his former plea of not guilty and pled guilty to the charge. The Court informed the defendant of his Constitutional rights as per Boykin v. Alabama (see court reporter's transcript). Whereupon, the defendant was sentenced to be confined at hard labor for a period of eighteen (18) months and committed to the Louisiana Department of Corrections, subject to the conditions provided by law. The Court ordered execution of the jail sentence suspended and the defendant placed on supervised probation for two (2) years with the special conditions (see special conditions of probation). The court informed the defendant of his right to post-conviction relief proceedings.
Oliver successfully completed his probation. On May 1, 1995, he obtained an automatic first offender pardon, effective April 19, 1995, under La. R.S. 15:572.
Oliver has been continuously employed in various capacities since 1984. He served eight years in the United States Army, from 1984 to 1992, including one year in Operation Desert Storm in Iraq. After his honorable discharge in 1992, he worked in various capacities in the freight/transportation industry. In 2003, he was in his third year of employment *367 with Shreveport Logistics when he was terminated because of his 1993 felony conviction.
After his termination, Oliver filed a petition to expunge this conviction; specifically, he sought the actual destruction of the records relating to the offense. The petition was served on the mayor of Shreveport, the Caddo Sheriff's Office and the Caddo District Attorney's office. Attached as exhibits to the petition were copies of the criminal minutes from 1993, a copy of Oliver's automatic first offender pardon, a strongly positive letter of recommendation for Oliver from the general manager at Shreveport Logistics, a copy of his honorable discharge from the military and his current résumé.
The court conducted a hearing on the petition on October 13, 2003. An assistant district attorney appeared and voiced no objection to the expungement; however, she noted that the prosecution was not dismissed by the D.A.'s office nor was sentence deferred pursuant to La. C. Cr. P. art. 893. The district court denied Oliver's petition for expungement, and he now appeals.

LAW AND DISCUSSION
La. R.S. 44:9 E(1)(b) provides:
After a contradictory hearing with the district attorney and the arresting law enforcement agency, the court may order expungement of the record of a felony conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure. Upon the entry of such an order of expungement, all rights which were lost or suspended by virtue of the conviction shall be restored to the person against whom the conviction has been entered, and such person shall be treated in all respects as not having been arrested or convicted unless otherwise provided in this Section or otherwise provided in the Code of Criminal Procedure Articles 893 and 894.
La. C. Cr. P. art. 893 provides, in part:
D. (1)(a) When it appears that the best interest of the public and of the defendant will be served, the court may defer, in whole or in part, the imposition of a sentence after conviction of a first offense noncapital felony under the conditions set forth in this Paragraph. When a conviction is entered under this Paragraph, the court may defer the imposition of sentence and place the defendant on probation under the supervision of the division of probation and parole.
....
(2) Upon motion of the defendant, if the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses. Dismissal under this Paragraph shall occur only once with respect to any person.
E. Nothing contained herein shall be construed as being a basis for destruction of records of the arrest and prosecution of any person convicted of a felony.
Under La. C. Cr. P. art. 893 D, the court may defer sentencing certain offenders after conviction and, after the successful completion of a term of probation, the court may dismiss the prosecution. However, in Oliver's case, the judge imposed sentence upon him immediately after accepting *368 his guilty plea. Because the court did not defer sentencing Oliver, his conviction was not and could not have been dismissed by the court under La. C. Cr. P. art. 893 D. Consequently, the provisions of La. R.S. 44:9 E(1)(b) allowing expungement of the record of such a conviction do not apply to Oliver. Moreover, even if the provision did apply, La. C. Cr. P. art. 893 E states that a dismissal pursuant to a deferred sentence cannot form the basis for destruction of the record of the arrest and prosecution.
Accordingly, Oliver is not entitled to expungement or destruction of any record under these provisions.

CONCLUSION
The judgment of the district court is affirmed. Costs of this appeal are assessed to Mr. Alvin Oliver.
AFFIRMED.