880 So.2d 983 (2004)
STATE of Louisiana, Plaintiff-Appellee
v.
Eric Wayne HODGE, Defendant-Appellant.
No. 38,796-CA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 2004.
Pringle & Herzog, by R. Perry Pringle, Shreveport, for Appellant.
Paul J. Carmouche, District Attorney, Jason T. Brown, J. Thomas Butler, Assistant District Attorneys, for Appellee.
Before WILLIAMS, CARAWAY and DREW, JJ.
CARAWAY, J.
Eric Wayne Hodge appeals from a judgment denying his petition to expunge his criminal record. Finding no statutory authority for his claim, we affirm.

Facts
On September 4, 2001, Hodge pled guilty in the First Judicial District Court to simple burglary and was sentenced to eighteen months at hard labor. The sentence was suspended, and Hodge was placed on supervised probation with special conditions. Thereafter, Hodge was granted an automatic first offender pardon on June 9, 2003, pursuant to La. R.S. 15:575.
In September 2003, Hodge filed a Motion for Expungement of Criminal Record pursuant to La. R.S. 44:9(E)(1)(b). Additionally, Hodge subsequently filed a Motion to Set Aside Conviction and Dismiss Prosecution.
After a stipulation of evidence, both motions were argued to the court. First, the court denied the motion to set aside *984 Hodge's conviction and dismiss his prosecution. Then the court denied the motion for expungement. Hodge appeals this ruling.

Discussion
The expungement statute relied upon by Hodge is La. R.S. 44:9 E(1)(b), which provides, in pertinent part, as follows:
After a contradictory hearing with the district attorney and the arresting law enforcement agency, the court may order expungement of the record of a felony conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure. (Emphasis supplied)
In discussing Article 893 of the Code of Criminal Procedure, which is the key to this expungement claim, Hodge admits that the article contains two different sentencing provisions. Subsection A allows, under certain circumstances, the suspension of sentence and probation. On the other hand, Subsection D speaks of the deferral of sentence and provides as follows:
D. (1)(a) When it appears that the best interest of the public and of the defendant will be served, the court may defer, in whole or in part, the imposition of a sentence after conviction of a first offense noncapital felony under the conditions set forth in this Paragraph. When a conviction is entered under this Paragraph, the court may defer the imposition of sentence and place the defendant on probation under the supervision of the division of probation and parole.
...
(2) Upon motion of the defendant, if the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses. Dismissal under this Paragraph shall occur only once with respect to any person. (Emphasis supplied)
The comparison of these two sentencing provisions of Article 893 reveals that only the deferral of sentence, Subsection D, allows for the later dismissal of the prosecution which has the same effect as acquittal. After the suspension of sentence and probation of Subsection A, no dismissal of the felony prosecution is allowed. Accordingly, La. R.S. 44:9(E)(1)(b)'s reference to "a felony conviction dismissed pursuant to Article 893" pertains only to Subsection D's deferral of sentence proceedings, and no expungement is applicable in this case. State v. Oliver, 38,520 (La.App.2d Cir.5/12/04), 874 So.2d 365.
The trial court in the instant case could have deferred the imposition of Hodge's sentence, and even indicated that the sentence was one which the court "probably would have made and would have deferred sentencing in accordance with Article 893." Nevertheless, Hodge's sentence was not deferred, it was suspended. Accordingly, the trial court's denial of expungement is affirmed at appellant's cost.
AFFIRMED.