942 So.2d 1126 (2006)
STATE of Louisiana
v.
Marty R. COMARDELLE.
No. 06-KA-251.
Court of Appeal of Louisiana, Fifth Circuit.
September 26, 2006.
Harrietta J. Bridges, Baton Rouge, Louisiana, for Plaintiff/Appellant.
Michael J. Hand, Attorney at Law, Kenner, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS, and SUSAN M. CHEHARDY.
EDWARD A. DUFRESNE, JR., Chief Judge.
In this appeal, the state challenges the trial court's granting of defendant's motion for expungement and destruction of criminal records. For the reasons which follow, we vacate the judgment of the trial court.
On July 23, 2001, defendant, Marty R. Comardelle, pled guilty to possession of gamma hydroxybutyric acid (GHB) and possession of methylenedioxymethamphetamine (MDMA), violations of LSA-RS. 40:967(C) and 40:966(C).[1] The trial judge thereafter sentenced defendant to two years imprisonment at hard labor on each conviction, to be served concurrently. The court suspended the sentence and placed defendant on active probation for two years. On July 10, 2002, the state filed a motion to revoke the probation. After a *1127 hearing, the trial judge placed defendant on home incarceration until his probation expired on July 23, 2003.
In August 2005, defendant filed a pro se motion to set aside the conviction and to dismiss the prosecution for possession of GHB. On October 11, 2005, the trial court granted the motion at a contradictory hearing at which the state made no objection.
Defendant also filed a pro se motion for expungement of felony record in which he urged the trial court to expunge all records relating to his March 25, 2001 arrest for violating LSA-R.S. 40:967(C).[2] The Jefferson Parish Sheriff's Office filed a letter stating that it had no opposition to the motion. However, the Louisiana Department of Public Safety and Corrections, Office of State Police, Bureau of Criminal Identification and Information, filed an opposition to the motion on November 29, 2005.
The trial court held a contradictory hearing on the motion for expungement on December 6, 2005. At the hearing, the Jefferson Parish District Attorney's Office took no position. The trial judge granted the motion over the objection of the Department. The trial judge thereafter signed a judgment ordering that all agencies and law enforcement officers "[e]xpunge and destroy the record of arrest, photograph, fingerprint, or any other information of any and all kinds of descriptions," relating to defendant's March 25, 2001 arrest. The order further directed the same law enforcement officers to file a sworn affidavit to the effect that records have been expunged and destroyed and that no references, including the foregoing motion and order, have been retained in any files expect as provided by LSA-R.S. 44:9.
The Department of Public Safety and Corrections now appeals, contending that the trial court erred in ordering the expungment and destruction of defendant's criminal record. Specifically, the Department contends that the trial judge improperly ordered the expungement because defendant's sentence was imposed, not deferred under LSA-C.Cr.P. art. 893(D). Further, the Department contends that the trial judge erred in ordering the destruction of the records because LSA-R.S. 44:9(E) prohibits destruction of a felony criminal record. In contrast, defendant asserts that his suspended sentence is the functional equivalent of a deferred sentence, but cites no authority for his position. For the reasons which follow, we agree with the Department's arguments and find that the trial court erred in ordering the expungement and destruction of defendant's criminal record.
LSA-R.S. 44:9 governs the expungement of criminal records. The part of the statute at issue in this case, LSA-R.S. 44:9(E), provides for expungement when a felony conviction has been dismissed pursuant to LSA-C.Cr.P. art. 893, but prohibits destruction of any felony record. That section of the statute reads as follows:
E. (1)(a) No court shall order the destruction of any record of the arrest and prosecution of any person convicted of a felony, including a conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure.
(b) After a contradictory hearing with the district attorney and the arresting law enforcement agency, the court may order expungement of the record of a felony conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure. Upon the entry of such an order of expungement, all rights which *1128 were lost or suspended by virtue of the conviction shall be restored to the person against whom the conviction has been entered, and such person shall be treated in all respects as not having been arrested or convicted unless otherwise provided in this Section or otherwise provided in the Code of Criminal Procedure Articles 893 and 894.
As explained by LSA-R.S. 44:9(G), expungement is different from destruction:
G. "Expungement" means removal of a record from public access but does not mean destruction of the record. An expunged record is confidential, but remains available for use by law enforcement agencies, criminal justice agencies, . . .
DESTRUCTION
Under LSA-R.S. 44:9(E)(1)(a), no court has the authority to order the destruction of any record of the arrest and prosecution of any person convicted of a felony, including a conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure.[3]See, In re Elloie, 05-1499 (La.1/19/06), 921 So.2d 882, 894; State v. Tumblin, 03-1193 (La.App. 5 Cir. 2/23/04), 868 So.2d 902, 904-905. Therefore, the trial court lacked authority to order the destruction of the records.
EXPUNGEMENT
Courts have held that LSA-R.S. 44:9(E)(1)(b)'s reference to "a felony conviction dismissed pursuant to Article 893" means a conviction dismissed after sentence has been deferred under LSA-C.Cr.P. art. 893(D). See, State v. Hodge, 38,796 (La.App. 2 Cir. 8/18/04), 880 So.2d 983, 984; State v. Oliver, 38,520 (La.App. 2 Cir. 5/12/04), 874 So.2d 365, 367-368. See also, State v. Tumblin, 868 So.2d at 905.[4] LSA-C.Cr.P. art. 893(A) allows the trial judge to suspend, in whole or in part, the imposition or execution of sentences for certain felonies. LSA-C.Cr.P. art. 893(D) provides for the deferral of sentence and states, in pertinent part, as follows:
(1)(a) When it appears that the best interest of the public and of the defendant will be served, the court may defer, in whole or in part, the imposition of a sentence after conviction of a first offense noncapital felony under the conditions set forth in this Paragraph. When a conviction is entered under this Paragraph, the court may defer the imposition of sentence and place the defendant on probation under the supervision of the division of probation and parole.
. . . .
(2) Upon motion of the defendant, if the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of *1129 any other law or laws relating to cumulation of offenses. Dismissal under this Paragraph shall occur only once with respect to any person.
E. Nothing contained herein shall be construed as being a basis for destruction of records of the arrest and prosecution of any person convicted of a felony.
Paragraph D relates to a court's ability to defer a criminal sentence and the conditions under which such a deferred sentence may serve as the basis for a motion to dismiss the prosecution. The language relating to the dismissal of the prosecution is notably absent from LSA-C.Cr.P. art. 893(A).
In State v. Hodge, supra, the court held that the defendant was not entitled to an expungement under LSA-R.S. 44:9(E)(1)(b) because his sentence was suspended, not deferred under Article 893(D). In its opinion, the court discussed the differences between suspension of sentence under 893(A) and deferral of sentence under Article 893(D). The court pointed out that only Article 893(D) "allows for the later dismissal of the prosecution which has the same effect as acquittal. After the suspension of sentence and probation of Subsection A, no dismissal of the felony prosecution is allowed." State v. Hodge, 880 So.2d at 984.
Likewise, in the present case, defendant was not entitled to an expungement under LSA-R.S. 44:9(E)(1)(b) because his sentence was suspended, not deferred under LSA-C.Cr.P. art. 893(D). While the waiver of rights form and the commitment reflect that defendant's guilty plea was entered under LSA-C.Cr.P. art. 893, there is no indication that the imposition of defendant's sentence was to be deferred under Article 893(D). Further, the commitment reflects the trial court immediately imposed the hard labor sentence, suspended it, and committed defendant to the Department of Corrections for the execution of the sentence. As such, defendant was not eligible for the benefit of dismissal afforded by LSA-C.Cr.P. art. 893(D), and therefore, was not entitled to expungement of his criminal record pursuant to LSA-R.S. 44:9(E)(1)(b).
In his appellee brief, defendant contends that this court should remand the matter so that the trial court can amend the sentence to reflect that it was deferred because the original intent of the guilty plea was for him to receive the benefit of expungement. The defendant's claim is essentially a collateral challenge to his 2001 guilty plea and sentence. The Department's appeal of the trial judge's order to expunge and destroy defendant's felony record is not the proper vehicle for the defendant to raise his claim regarding his 2001 guilty plea and sentence.
The defendant further contends that the trial court's decision to set aside the conviction and dismiss the prosecution should remain in effect because the state, through the Jefferson Parish District Attorney's Office, had no objection to the motion. We note that, despite this lack of objection by the state, the trial court was without authority to order dismissal under the provisions of LSA-C.Cr.P. art. 893.
For the reasons set forth herein, we find that the trial court erred in ordering the expungement and destruction of defendant's criminal record. Accordingly, the judgment of the trial court is vacated.
JUDGMENT VACATED.
NOTES
[1] It is noted that the waiver of rights form in this record reflects that defendant entered a guilty plea to possession of GHB and MDMA. However, the bill of information in this district court case number, 01-1898, only charged defendant with possession of GHB. The defendant was apparently charged with possession of MDMA in district court case number 01-1897.
[2] The two motions filed by defendant did not refer to the MDMA arrest or conviction.
[3] It is noted that the LSA-R.S. 44:9 was amended by 2006 La. Acts 673 § 1 to enact Section J which provides that a person may apply for the destruction of records without any distinction between misdemeanor and felony offenses. Under Act 673, a person who has an order expunging an arrest from the appropriate district court may, with consent of the district attorney, petition the same court "alleging actual innocence" for an order to destroy the records previously expunged.
[4] It is noted that at the time of the plea in question in Tumblin, a different version of LSA-C.Cr.P. art. 893 was in effect.