997 So.2d 42 (2008)
STATE of Louisiana
v.
Demetrius GREEN.
No. 08-KA-273.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2008.
Harrietta J. Bridges, Attorney at Law, Baton Rouge, LA, for Plaintiff/Appellant.
*43 Demetrius Green, I.P.P., Bridge City, LA, pro se, Defendant/Appellee.
Panel composed of Judges CLARENCE E. McMANUS, WALTER J. ROTHSCHILD, and MADELINE JASMINE, Pro Tempore.
WALTER J. ROTHSCHILD, Judge.
By this appeal, the State of Louisiana challenges a trial court judgment granting defendant's motion for expungement and destruction of criminal records. For the reasons which follow, we vacate the trial court's judgment.
Defendant, Demetrius Green, was indicted with accessory after the fact to second degree murder in violation of LSA-R.S. 14:25 and 14:30.1 (count 1) and accessory after the fact to attempted second degree murder in violation of LSA-R.S. 14:25 and 14:30.1[1] (count 2).[2] Defendant was arraigned and pled not guilty. The State later amended count 2 to allege that defendant violated LSA-R.S. 14:25, 14:27, and 14:30.[3] Defendant subsequently withdrew her plea of not guilty and pled guilty to both counts under LSA-C.Cr.P. art. 893 and North Carolina v. Alford.[4] The judge sentenced defendant to imprisonment at hard labor for three years on both counts to run concurrently, suspended the sentence, and placed her on active probation for three years. Defendant's probation officer filed a rule to revoke probation, but it was later dismissed at the probation officer's request. Thereafter, defendant's motion for dismissal of prosecution and motion for expungement were granted by the trial court.
The Department of Public Safety and Corrections ("Department") filed an "Exception and Opposition to Motion for Expungement" one day after the motion for expungement was granted. The Department also filed a "Petition for Appeal" that was granted.

DISCUSSION
By this appeal, the Department of Public Safety and Corrections argues that the trial court erred in granting defendant's motion to expunge and destroy her criminal record. Specifically, the Department contends that the trial judge improperly ordered the expungement because defendant's sentence was imposed, not deferred under LSA-C.Cr.P. art. 893(D). Further, the Department contends that the trial judge erred in ordering the destruction of the records because LSA-R.S. 44:9(E) prohibits destruction of a felony criminal record.
On February 21, 2006, the prosecutor stated that he was in court for a motion for dismissal of prosecution. Defendant, appearing pro se, asserted that she had filed a motion to expunge her felony conviction from 2001. The clerk indicated that the motion to dismiss prosecution had to be ruled on before the motion for expungement. An off-the-record discussion was then held, after which the judge granted defendant's motion to dismiss prosecution. It is noted that the Department was not present at that hearing.
*44 On May 2, 2006, the prosecutor and the judge had an off-the-record discussion, after which the judge granted defendant's motion for expungement. The judge noted that defendant had pled guilty under LSA-C.Cr.P. art. 893 and Alford. Neither defendant nor the Department were present at that hearing.
LSA-R.S. 44:9 governs the expungement of criminal records. State v. Comardelle, 06-251, p. 4 (La.App. 5 Cir. 9/26/06), 942 So.2d 1126, 1127. LSA-R.S. 44:9(E) provides for expungement when a felony conviction has been dismissed pursuant to LSA-C.Cr.P. art. 893, but prohibits destruction of any felony record. Id. LSA-R.S. 44:9 provides in pertinent part:
E. (1)(a) No court shall order the destruction of any record of the arrest and prosecution of any person convicted of a felony, including a conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure.
(b) After a contradictory hearing with the district attorney and the arresting law enforcement agency, the court may order expungement of the record of a felony conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure. Upon the entry of such an order of expungement, all rights which were lost or suspended by virtue of the conviction shall be restored to the person against whom the conviction has been entered, and such person shall be treated in all respects as not having been arrested or convicted unless otherwise provided in this Section or otherwise provided in the Code of Criminal Procedure Articles 893 and 894.
Expungement, which is different from destruction, is defined by LSA-R.S. 44:9(G) as:
G. "Expungement" means removal of a record from public access but does not mean destruction of the record. An expunged record is confidential, but remains available for use by law enforcement agencies, criminal justice agencies,. . .

Destruction
Under LSA-R.S. 44:9(E)(1)(a), no court has the authority to order the destruction of any record of the arrest and prosecution of any person convicted of a felony, including a conviction dismissed pursuant to LSA-C.Cr.P. art. 893. State v. Comardelle, 06-251 at 5, 942 So.2d at 1128. Therefore, in the instant case, as in Comardelle, the trial court lacked authority to order the destruction of the records.

Expungement
Louisiana courts have held that LSA-R.S. 44:9(E)(1)(b)'s reference to "a felony conviction dismissed pursuant to Article 893" means a conviction dismissed after sentence has been deferred under LSA-C.Cr.P. art. 893(D). State v. Comardelle, 06-251 at 5, 942 So.2d at 1128. LSA-C.Cr.P. art. 893(A) allows the trial judge to suspend, in whole or in part, the imposition or execution of sentences for certain felonies. Id. At the time the Motion for Expungement was filed and heard, LSA-C.Cr.P. art. 893(D) and (E) provided for the deferral of sentence and states, in pertinent part, as follows:
D. (1)(a) When it appears that the best interest of the public and of the defendant will be served, the court may defer, in whole or in part, the imposition of a sentence after conviction of a first offense noncapital felony under the conditions set forth in this Paragraph. When a conviction is entered under this Paragraph, the court may defer the imposition of sentence and place the defendant on probation under the supervision of the division of probation and parole.
....

*45 (2) Upon motion of the defendant, if the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses. Dismissal under this Paragraph shall occur only once with respect to any person.
E. Nothing contained herein shall be construed as being a basis for destruction of records of the arrest and prosecution of any person convicted of a felony.
Paragraph D relates to a court's ability to defer a criminal sentence and the conditions under which such a deferred sentence may serve as the basis for a motion to dismiss the prosecution. State v. Comardelle, 06-251 at 6, 942 So.2d at 1129. The language relating to the dismissal of the prosecution is notably absent from LSA-C.Cr.P. art. 893(A). Id.
In Comardelle, supra, this Court found that the defendant was not entitled to an expungement under LSA-R.S. 44:9(E)(1)(b) because his sentence was suspended, not deferred under LSA-C.Cr.P. art. 893(D). State v. Comardelle, 06-251 at 6, 942 So.2d at 1129. This Court stated that, while the waiver of rights form and the commitment reflected that defendant's guilty plea was entered under LSA-C.Cr.P. art. 893, there was no indication that the imposition of defendant's sentence was to be deferred under Article 893(D). Id. This Court further stated that the commitment reflected the trial court immediately imposed the hard labor sentence, suspended it, and committed defendant to the Department of Corrections for the execution of the sentence. Id. As such, this Court found that defendant was not eligible for the benefit of dismissal afforded by LSA-C.Cr.P. art. 893(D), and therefore, was not entitled to expungement of her criminal record pursuant to LSA-R.S. 44:9(E)(1)(b). Id., 06-251 at 7, 942 So.2d at 1129.
As in Comardelle, the defendant in the instant case was not entitled to an expungement under LSA-R.S. 44:9(E)(1)(b) because her sentence was suspended, not deferred under LSA-C.Cr.P. art. 893(D). While the transcript, the commitment, and the waiver of rights form reflect that defendant's guilty plea was entered under LSA-C.Cr.P. art. 893, there is no indication that the imposition of defendant's sentence was to be deferred under Article 893(D). Further, the commitment reflects the trial court immediately imposed the hard labor sentence, suspended it, and committed defendant to the Department of Corrections for the execution of the sentence. As such, we find that defendant was not eligible for the benefit of dismissal afforded by LSA-C.Cr.P. art. 893(D), and therefore, was not entitled to expungement of her criminal record pursuant to LSA-R.S. 44:9(E)(1)(b).
In light of the foregoing, we are bound to conclude that the trial court erred in ordering the expungement and destruction of defendant's criminal record. Accordingly, the judgment of the trial court is hereby vacated.
JUDGMENT VACATED.
NOTES
[1] It is noted that the statutes for count 2 were incorrectly cited on the indictment. The correct statutes are LSA-R.S. 14:25, 14:27, and 14:30.1.
[2] Gretchen A. Trim was also charged in the same bill of information with those same offenses.
[3] It is noted that the statutes for count 2 were incorrectly cited on the amended indictment. The correct statutes are LSA-R.S. 14:25, 14:27, and 14:30.1.
[4] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).