KUHN, J.
|2The State of Louisiana, Department of Public Safety and Corrections, Office of State Police, Bureau of Criminal Identification and Information (the Bureau) appeals a trial court judgment, which orders the expungement and destruction of “the record of arrest, photograph, fingerprint, or any other information of any and all kinds of descriptions,” relating to Kenya Taylor, in conjunction with Docket No. 1325-03, for possession with intent to distribute marijuana. We reverse.
FACTUAL AND PROCEDURAL BACKGROUND
After Taylor’s arrest by the Iberville Sheriffs Office, on May 4, 2004, she pled guilty to possession with intent to distribute marijuana. On August 2, 2004, she was sentenced to five years confinement with the Department of Public Safety and Corrections. The sentence was suspended, and she was placed on probation for five years. After Taylor completed her term of probation, apparently after a brief hearing, a minute entry entered into her criminal record on September 9, 2010, indicated that Taylor’s sentence was amended to reflect that she “be given the provisions of [La.C.Cr.P. art.] 893,” addressing suspension and deferral of sentence as well as probation in felony cases.
On October 15, 2010, which was subsequent to Taylor’s completion of probation, Taylor filed a motion with the trial court for expungement of all records related to her arrest and conviction. On October 18, 2010, apparently without any hearing, the trial court issued a judgment, ordering the expungement and destruction of Taylor’s arrest record.[1] The Bureau appealed.
*1067 ^EXPUNGEMENT
In their appellate briefs, the parties raise contentions regarding the trial court’s judgment insofar as it orders the expungement of Taylor’s conviction record. But that portion of the judgment appealed by the Bureau states:
Full legal name of the mover:
Social Security Number
Sex and Race of the mover:
Date of birth of the mover:
Arresting Agency:
Approximate Date of Arrest:
Arrest tracking number (ATN:)
SID number of mover:
CCN of mover:
Docket Number:
Item Number:
Ticket Number:
Current address of mover:
City, State, Zip code:
We do not interpret the language of the judgment as an order of expungement of Taylor’s conviction record particularly given the trial court’s use of the phrase “record of arrest.” Thus, the trial court implicitly denied Taylor’s request for an expungement of her conviction record and, because she did not appeal that denial, it is not properly before us in this appeal. We turn now to our review of the trial court’s order of expungement of Taylor’s arrest record.
|4The Department contends that the trial court improperly ordered the expungement of Ms. Taylor’s arrest record because her sentence was suspended and, therefore, not eligible for expungement.[2]
La. R.S. 44:9 governs the expungement and destruction of criminal records, providing in relevant part,
IT IS ORDERED by the court that all agencies and law enforcement officers ...
Expunge and destroy the record of arrest, photograph, fingerprint, or any other information of any and all kinds of descriptions, relating to the following:

Kenya Taylor

[* * *-* *-* * * *|

Female/Black

July 13,1980

Iberville Sheriff

October 19, 2003

Unknown

Unknown

Unknown

1325-03

N/A

N/A

/»*****»*]
l* * * * *, LA * * * * V
B. (1) Any person who has been arrested for the violation of a felony offense ... may make a written motion to the district court for the parish in which he was arrested for the expungement of the arrest record if:
(a) The district attorney declines to prosecute, or the prosecution has been instituted, and such proceedings have been finally disposed of by acquittal, dismissal, or sustaining a motion to quash....
E. (1)....
(b) After a contradictory hearing with the district attorney and the arresting law enforcement agency, the court may order expungement of the record of a felony conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure.
*1068 ■The record establishes that Taylor’s prosecution was instituted and was not finally disposed of by acquittal, dismissal, or sustaining of a motion to quash. Therefore, the provisions of La. R.S. 44:9 B(l)(a) do not apply.
Pointing out that the district attorney has stated that he “has no objection” to her receiving all the relief to which she is entitled by law, Taylor urges entitlement to expungement of her arrest record under La. R.S. 44:9 E(l)(b) since the trial court amended her sentence to give her the provisions of La.C.Cr.P. art. 893. She urges that under the provisions of La.C.Cr.P. art. 893, addressing suspension of sentence, |fishe is “per se qualified” for ex-pungement. La.C.Cr.P. art. 893 has been amended since 2003, when Taylor was arrested, and September 9, 2010, when the trial court amended her sentence to give her the benefit of La.C.Cr.P. art. 893. But under either version, we find nothing that entitles her to per se qualification for an expungement of her arrest record due to the trial court’s order of suspension.[3]
|„We note that by its express terms, La. R.S. 44:9 E(l)(b) applies only to a record of felony conviction, not that of an arrest record. But to the extent that Taylor’s record of felony conviction contains any portion of her arrest record, we find Taylor is not entitled to an expungement under those provisions.
The applicable provisions of La.C.Cr.P. art. 893 provide, in part,[4]
(l)(a) When it appears that the best interest of the public and of the defen *1069 dant will be served, the court may defer, in whole or in part, the imposition of a sentence after conviction of a first offense noncapital felony under the conditions set forth in this Paragraph. When a conviction is entered under this Paragraph, the court may defer the imposition of sentence and place the defendant on probation under the supervision of the division of probation and parole.
(b) The court shall not defer a sentence under this provision for an offense or an attempted offense which is defined or enumerated as a crime of violence ... or a sex offense ... involving a child under the age of seventeen years or for a violation of the Uniform Controlled Dangerous Substances Law punishable by a term of imprisonment of more than five years or for a violation of R.S. 40:966(A), 967(A), 968(A), 969(A), or 970(A).
(2) Upon motion of the defendant, if the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumu-lation of offenses. Dismissal under this Paragraph shall occur only once with respect to any person.
Unlike the provisions of La.C.Cr.P. art. 893 addressing suspension of sentence, these provisions allow a sentencing court to defer the imposition of sentence and Lexpressly permit later dismissal of the prosecution, which has “the same effect as acquittal.” See La.C.Cr.P. art. 893 E(2).
Taylor’s criminal record clearly establishes that on May 4, 2004, the trial court suspended her sentence; it did not defer it. As such, she is not entitled to expungement of her record of felony conviction under the provisions of La. R.S. 44:9 E(1)(b). See State v. Oliver, 38,520 (La.App.2d Cir.5/12/04), 874 So.2d 365, 367-68; State v. Green, 2008-273 (La. App.5th Cir.9/30/08), 997 So.2d 42, 44-45. As such, to the extent that her record of felony conviction contains any portion of her arrest record, she is not entitled to its expungement. Accordingly, that portion of the judgment, which orders expungement of Taylor’s arrest record is reversed.
DESTRUCTION
The Bureau also complains of the order of destruction of Taylor’s arrest record, suggesting that the trial court erred in granting that relief. And in her appellate brief, Taylor concedes that the order of destruction of the record does not comply with the law.[5]
La. R.S. 44:9 E(l)(a) states:
No court shall order the destruction of any record of the arrest and prosecution of any person convicted of a felony, including a conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure.
The word “expungement” is distinct from the word “destruction,” and the two words cannot be used interchangeably or to mean the same thing. Public records which may be “expunged” need not be “destroyed.” State v. Expunged Record (No.) 249,044, 2003-1940 (La.7/2/04), 881 So.2d 104, 108 *1070 (citing State v. Savoie, 92-1586 (La.5/23/94), 687 So.2d 408, 410). Ex-pungement is defined to mean removal of a record from public access, but it does not mean destruction of the record. An expunged record is confidential but remains available for use by law enforcement agencies and other specified persons and agencies. See La. R.S. 44:9 G. In light of the plain language of La. R.S. 44:9 E(l)(a), we find no authority for the order of destruction of the record relating to Taylor’s arrest for possession with intent to distribute marijuana. Accordingly, that portion of the judgment ordering the destruction of Taylor’s arrest record is reversed.
DECREE
The Bureau’s appeal is maintained. For these reasons, the order of expungement and destruction of Taylor’s record of arrest, photograph, fingerprint, or any other information of any and all kinds of descriptions relating to Taylor’s arrest in conjunction with Docket No. 1825-03 is reversed. Appeal costs are assessed against Kenya Taylor.
APPEAL MAINTAINED; JUDGMENT REVERSED.

. An order to show cause why the appeal should not be dismissed was issued by this court in conjunction with that judgment, and the issue of whether dismissal was warranted was ultimately referred to the merits of our review. Because the deficiency initially noted *1067 has been cured with the passage of time, we maintain the appeal.

. The Bureau has a real and actual interest in maintaining the integrity of the public records relating to criminal offenses. See State v. Daniel, 39,633 (La.App.2d Cir.5/25/05), 903 So.2d 644, 649.

. In 2003, La.C.Cr.P. art. 893 stated in part,
A. When it appears that the best interest of the public and of the defendant will be served, the court, after a first ... conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole.... The period of probation shall be specified and shall not be less than one year nor more than five years. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal.
B. If the sentence consists of a fine and imprisonment, the court may impose the fine and suspend the sentence or place the defendant on probation as to the imprisonment.
C. Except as otherwise provided by law, the court shall not suspend a felony sentence after the defendant has begun to serve the sentence.
In September 2010, La.C.Cr.P. art. 893 was amended to provide in part,
A. When it appears that the best interest of the public and of the defendant will be served, the court, after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole.... The period of probation shall be specified and shall not be less than one year nor more than five years. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal....
C. If the sentence consists of both a fine and imprisonment, the court may impose the fine and suspend the sentence or place the defendant on probation as to the imprisonment.
D. Except as otherwise provided by law, the court shall not suspend a felony sentence after the defendant has begun to serve the sentence.
We find Taylor's reliance on La.C.Cr.P. art. 893 B(I)(a)(i)(bb) misplaced as that provision clearly addresses the suspension of sentence for third conviction violations of the Uniform Controlled Dangerous Substances Law, and does not purport to per se qualify her for an expungement of her arrest record.

. La. Acts 2006, No. 581, § 1 inserted par. B, and designated former pars. B to E as pars. C to F, respectively. Thus, these quoted provisions of La.C.Cr.P. art. 893 appeared in par. D in 2003 and in par. E after the amendment.

. Specifically, Taylor notes in her brief that her motion for expungement only sought removal of her records from public access. But the order that was ultimately presented to the trial court included both the expungement and "destruction of the record” language.