WINDHORST, J.,
DISSENTS WITH REASONS
|nI respectfully dissent from the majority’s opinion and would dismiss this appeal for the following reasons.
This Court has appellate ‘jurisdiction over a final conviction where a sentence has been imposed. La. Const. Art. V, § 10; La. C.Cr.P. art. 912C(1); State v. Chapman, 471 So.2d 716 (La. 1985); State v. London, 316 So.2d 743 (La. 1975).
In this case, pursuant to the plea agreement, the imposition of defendant’s sentence was deferred, as required by La. C.Cr.P. art. 893E(l)(a). Pursuant to those provisions, the defendant was not sentenced, but was placed on pre-sentence probation. There was no commitment to the Department of Corrections. In other words, execution of sentence was not sus *1160 pended subject to her compliance with conditions of probation; the defendant was given only the conditions of the pre-sen-tence probation, and her motive for compliance therewith was earning eligibility for the benefits of La. C.Cr.P. art. 893E(2) and possible subsequent expungement of her conviction (as opposed to serving a previously suspended sentence). Depending on the defendant’s compliance with and performance while on this pre-sentence probation, the trial court has the discretion to either dismiss the prosecution or impose an appropriate sentence, and in this case, the trial court still has that discretion.
| inIf, on the other hand, a trial court sentences a defendant, the defendant loses the benefits of La. C.Cr.P. art. 893E(2). In State v. Green, No. 08-KA-273 (La. App. 5 Cir. 2008), 997 So.2d 42, this Court stated:
As in Comardelle, the defendant in the instant case was not entitled to an expungement under LSA-R.S. 44:9(E)(1)(b) because her sentence was suspended, not deferred under LSA-C.Cr.P. art. 893(D). While the transcript, the commitment, and the waiver of rights form reflect that defendant’s guilty plea was entered under LSA-C.Cr.P. art. 893, there is no indication that the imposition of defendant’s sentence was to be deferred under Article 893(D). Further, the commitment reflects the trial court immediately imposed the hard labor sentence, suspended it, and committed defendant to the Department of Corrections for the execution of the sentence. As such, we find that defendant was not eligible for the benefit of dismissal afforded by LSA-C.Cr.P. art. 893(D), and therefore, was not entitled to expungement of her criminal record pursuant to LSA-R.S. 44:9(E)(1)(b). Citing State v. Comar-delle, 942 So.2d 1126 (La. App. 5 Cir. 9/26/06).
Prior to June 21, 2008,[4] there were many cases in which defendants entered guilty pleas “under Article 893” clearly intending to avail themselves of the benefits of La. C.Cr.P. art. 893E(2), but were not entitled because the trial judge had mistakenly sentenced them. The legislature recognized this frequent dilemma and enacted La. C.Cr.P. art. 881.1A(3) as a remedial measure. It provides that if by “mutual mistake” the defendant was sentenced—instead of having his sentence deferred pursuant to La. C.Cr.P. art. 893E(l)(a)—the sentence may be reconsidered as if deferred, and the defendant may avail himself of the benefits of La. C.Cr.P. art. 893E(2). In the case before us, however, the trial judge followed La. C.Cr.P. art. 893E(l)(a) precisely and did not sentence the defendant, but deferred sentencing. Because the defendant in this case has not yet been sentenced, it is my opinion that this Court lacks appellate jurisdiction over defendant’s case.
|nTo the extent that defendant is seeking to challenge whether her guilty plea was entered knowingly and voluntarily, based on her claims of ineffective assistance of counsel, defendant may file a motion to withdraw her guilty plea with the trial court. The trial court has discretion to permit a withdrawal of a guilty plea at any time prior to sentencing pursuant to. La. C.Cr.P. art. 559A.
For these reasons I would dismiss this appeal and remand the case to the trial court for further proceedings.

. This is the effective date of Act 395 of the 2008 Ordinary Session, enacting C.Cr.P. art. 881.1 A(3).