THERIOT, J.
The appellant, Brady T. Flynn, appeals the judgment of the Twenty-Second Judicial District Court denying his motion to expunge his criminal record. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The facts of the instant case are not in dispute. Mr. Flynn was arrested and pled guilty to possession with intent to distribute marijuana. Upon pleading guilty on September 10, 2012, Mr. Flynn was sentenced to five (5) years at hard labor with the Louisiana Department of Public Safety and Corrections (LDPSC). The sentence was suspended and the trial court placed *835 Mr. Flynn on probation for five (5) years under the supervision of LDPSC. On July 5, 2016, the sentence was imposed pursuant to La. C.Cr.P. art. 881.1.[1] Mr. Flynn filed a motion to terminate his probation and amend his sentence to add the benefits of La. C.Cr.P. art. 893. On July 28, 2016, the trial court granted the motion, terminated Mr. Flynn's probation as satisfied, and his sentence was amended to add the "benefits"[2] of La. C.Cr.P. art. 893.
On August 16, 2016, Mr. Flynn filed a motion for expungement, and a motion to set aside the conviction and dismiss the prosecution on August 18, 2016. The state filed an opposition to the motion to set aside the conviction and dismiss the prosecution on August 24, 2016. Both the St. Tammany Parish District Attorney's Office and LDPSC, through the Office of State Police, filed affidavits in response to the opposition, both requesting a contradictory hearing. On September 29, 2016, after a bench discussion with the parties, the trial court granted the motion to set aside the conviction and dismiss the prosecution, subject to La. C.Cr.P. art. 893.
An objection to the motion to expunge was filed December 5, 2016 by LDPSC. Following a hearing, the trial court denied the motion to expunge, stating in open court:
I do not believe that I'm legally authorized, in my reading of [ article] 893 and [a]rticle 978 of the [Louisiana] Code of Criminal Procedure, to grant the expungement. The [c]ourt notes that both [LPDSC] and the DA offices have opposed.
Mr. Flynn filed for a supervisory writ application with this Court on April 4, 2017. We denied the writ because it did not contain a copy of a signed written judgment reflecting the trial court's ruling. We further stated that the judgment would be final and appealable once the judgment *836 was reduced to writing and signed.[3] A final judgment denying the motion to expunge was signed on July 6, 2017. Mr. Flynn has appropriately appealed this judgment, the sole assignment of error being that the trial court erred in denying his motion to expunge.
DISCUSSION
Only certain specified criminal arrest and conviction records may be expunged. Criminal records that do not meet the particular circumstances described under the applicable law are not eligible for expungement. Therefore, we must determine whether Mr. Flynn's conviction of a felony offense, which was dismissed under the authority of La. C.Cr.P. art. 893, meets any of the criteria for expungement. See State v. Gerchow, 2009-1055 (La. App. 1 Cir. 3/11/10), 36 So.3d 304, 305-306.
Louisiana Code of Criminal Procedure article 893 provides guidelines for both suspension and deferment of sentences. Generally, only deferment of sentence allows the possibility of a subsequent expungement of a criminal record.[4] Paragraph (E) of La. C.Cr.P. art. 893 states:
(1)(a) When it appears that the best interest of the public and of the defendant will be served, the court may defer, in whole or in part, the imposition of a sentence after conviction of a first offense noncapital felony under the conditions set forth in this Paragraph. When a conviction is entered under this Paragraph, the court may defer the imposition of the sentence and place the defendant on probation under the supervision of the division of probation and parole.
(b) The court shall not defer a sentence under this provision for an offense or an attempted offense that is designated in the court minutes as a crime of violence ... or that is defined as a sex offense ... involving a child under the age of seventeen years or for a violation of the Uniform Controlled Dangerous Substances Law that is punishable by a term of imprisonment of more than five years or for a violation of R.S. 40:966(A), 967(A), 968(A), 969(A), or 970(A).
(2) Upon motion of the defendant, if the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses. Dismissal under this Paragraph shall occur only once with respect to any person.
Unlike the provisions of La.C.Cr.P. art. 893(A) through (D) addressing suspension of sentence, Paragraph (E) allows a sentencing court to defer the imposition of sentence and expressly permit later dismissal of the prosecution, which has "the same effect of acquittal."
*837 State v. Taylor , 2011-0373 (La. App. 1 Cir. 3/23/12), 91 So.3d 1065, 1069. Paragraphs (A) through (D) of La. C.Cr.P. art. 893 contain no language that describes the conditions under which a suspended sentence may serve as a motion to dismiss the prosecution. See State v. Taylor , 2011-0375 (La. App. 1 Cir. 3/19/12), 2012 WL 938968 at p. 3 (unpublished opinion); See also State v. Comardelle, 2006-0251 (La. App. 5 Cir. 9/26/06), 942 So.2d 1126, 1129. Where the trial court has the authority to dismiss the prosecution after a deferral of prosecution, the trial court lacks that authority after a suspension of the sentence. Therefore, expungement is not available in the case of a suspended sentence. See Taylor (unpublished opinion), p. 3; See also State v. Oliver , 38,520 (La. App. 2 Cir. 5/12/04), 874 So.2d 365, 367-68.
Mr. Flynn pled guilty to possession with intent to distribute marijuana, a violation of La. R.S. 40:966(A). Louisiana Code of Criminal Procedure article 893(E)(1)(b) specifically prohibits deferment of sentence for a conviction under La. R.S. 40:966(A) ; nevertheless, the trial court amended Mr. Flynn's sentence to grant him the benefits of La. C.Cr.P. art. 893. Although the trial court suspended the sentence, the motion to set aside the conviction and dismiss the prosecution should not have been granted since the sentence was suspended and not deferred. See State v. Williams, 2011-0708 (La. App. 3 Cir. 2/1/12), 82 So.3d 1290, 1292. However, that motion has not been appealed. We only have the motion to expunge before us. As stated, since expungement is not available in the case of a suspended sentence, the trial court correctly denied Mr. Flynn's motion to expunge.
DECREE
The order of the Twenty-Second Judicial District Court's judgment denying the expungement of the criminal record of Brady T. Flynn is affirmed. All costs of this appeal are assessed to the appellee, Brady T. Flynn.
AFFIRMED.
McClendon, J. dissents and assigns reasons
McClendon, J., dissents.
I respectfully dissent given that the facts material to the issues before us on appeal are indistinguishable from State v. A.R.W., 17-1162 (La.App. 1 Cir. 2/16/18), 2018 WL 913688 (unpublished). Because A.R.W. has not been overruled, we are bound to follow same.

Louisiana Code of Criminal Procedure art. 881.1 codifies the motion to reconsider sentence. The trial court imposed sentence pursuant to this article and left the court minutes "open." Mr. Flynn, however, did not file a motion to reconsider sentence once his probation was completed. Instead, he filed a motion to terminate probation and amend his sentence to add the benefits of La. C.Cr.P. art. 893. Mr. Flynn's motion makes no mention of La. C.Cr.P. art. 881.1. The trial court therefore amended its previous sentence to add the benefits of La. C.Cr. P. art. 893, but did not resentence Mr. Flynn or change the sentence from suspended to deferred. This makes the instant case distinguishable from our recent decision in State v. A.R.W., 2017-1162 (La. App. 1 Cir. 2/16/18), 242 So.3d 648, where the defendant pled guilty to possession with intent to distribute synthetic marijuana, pursuant to the provisions of La. C.Cr.P. art. 881.1. The trial court also left the court minutes open, as in the instant case. However, unlike the instant case, after the defendant had proven she had successfully completed her probation, she filed a "La. C.Cr.P. article 881.1 motion for resentencing pursuant to La. C.Cr.P. art. 893." This motion has the effective equivalence to a motion to reconsider sentence. The trial court granted the motion and resentenced the defendant pursuant to La. C.Cr.P. art. 893(E). The defendant's conviction was subsequently expunged, and this court affirmed the expungement. As stated, Mr. Flynn filed a motion to have his sentence amended, and at that time, the trial court did not amend the sentence from suspended to deferred. Since this motion is not on appeal, we decline to consider whether filing a motion to reconsider sentence would have been more appropriate.

The pleadings in the record do not give any detail as to what specific "benefits" of La. C.Cr.P. art. 893 Mr. Flynn prayed for. However, since Mr. Flynn filed a motion for expungement pursuant to La. C.Cr.P. art. 978, he clearly desired the benefit of expunging his record, which La. C.Cr.P. art. 978 provides for when the conviction is set aside and the prosecution dismissed pursuant to La. C.Cr.P. art. 893(E).

State of Louisiana v. Brady Flynn, 2017-0485 (unpublished writ action ), (La. App. 1 Cir. 6/16/17).

Subparagraphs (3) and (4) of La. C.Cr.P. art. 893(E) allow for the conviction to be set aside and the prosecution dismissed, whether the sentence was deferred or suspended, when the defendant successfully completes a drug court treatment program as discussed in subparagraph (3), or the intensive incarceration program as discussed in subparagraph (4). Neither of those circumstances are applicable in the instant case.