COURT OF APPEAL, THIRD CIRCUIT
16-783 consolidated with 16-784

STATE OF LOUISIANA

VERSUS

ALEX HAYES

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 65,554  C/W 70,689
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

**********

**MARC T. AMY
JUDGE**

**********

Court composed of Marc T. Amy, D. Kent Savoie, and Van Hardin Kyzar, Judges.


**ORDER OF EXPUNGEMENT REVERSED.  JUDGMENT OVERRULING OBJECTION TO MOTION FOR EXPUNGEMENT REVERSED. REMANDED FOR FURTHER PROCEEDINGS.**

**Adrienne E. Aucoin**
**Department of Public Safety and Corrections**
**Office of State Police**
**Post Office Box 66614**
**Baton Rouge, LA   70896-6614**
**(225) 925-6177**
**COUNSEL FOR APPELLANT:**
    State of Louisiana

**Alex Hayes**
**5106 Westwood Pines Drive**
**Katy, TX   77449**
**IN PROPER PERSON**

**AMY, Judge.**

The State of Louisiana, Department of Public Safety and Corrections, objected after the movant sought to expunge the records of two separate arrests and convictions. Following a hearing, the trial court rejected the State's contention that La.Code Crim.P. art. 978(D) permits the expungement of only one record of arrest and conviction. The trial court thereafter ordered the expungements as requested by the mover. The State appeals. For the following reasons, and in each of the consolidated matters, we reverse the order of expungement, reverse the overruling of the State's objection to the motion for expungement, and remand for further proceedings.

### Factual and Procedural Background

In April 2016, Alex Hayes filed a Motion for Expungement, seeking to expunge the record of his arrest and conviction for illegal possession of stolen things, a violation of La.R.S. 14:69. Mr. Hayes represented therein that the arrest occurred in 1989, that the arrest resulted in a felony conviction, and that "[m]ore than 10 years have passed since complet[ion] of sentence." *See* La.Code Crim.P. art. 978(A)(2)[1].

---

[1] Louisiana Code of Criminal Procedure Article 978 provides, in part:

> A.     Except as provided in Paragraph B of this Article, a person may file a motion to expunge his record of arrest and conviction of a felony offense if either of the following apply:
>
> . . . .
>
> (2)     More than ten years have elapsed since the person completed any sentence, deferred adjudication, or period of probation or parole based on the felony conviction, and the person has not been convicted of any other criminal offense during the ten-year period, and has no criminal charge pending against him. The motion filed pursuant to this Subparagraph shall include a certification obtained from the district attorney which verifies that, to his knowledge, the applicant has no convictions during the ten-year period and no pending charges under a bill of information or indictment.

Mr. Hayes further filed a separate Motion for Expungement, seeking to expunge the record of his arrest and conviction for possession of cocaine, a violation of La.R.S. 40:967. As in the companion filing, Mr. Hayes indicated that he was convicted of the charged offense, and again that more than 10 years had passed since the completion of the sentence for that conviction.

In support of each motion, Mr. Hayes provided documentation from the District Attorney of the Twelfth Judicial District representing that he had "not had any other criminal case" with that office other than the two arrest dates. Mr. Hayes also filed an Affidavit of Response, whereby the District Attorney and the Avoyelles Parish Sheriff's Office indicated "No Opposition. Respondent respectfully consents to waiver of the contradictory hearing."

Thereafter, the trial court granted both motions for expungement, doing so by separate orders. However, the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information, filed a Motion to Vacate Order to Expunge and Objection to Motion for Expungement in response to each matter. By those motions, the State noted that it was not served with the motions for expungement and, in turn, did not file an Affidavit of No Opposition. *See* La.Code Crim.P. art. 979.[2] Thus, the State requested that the orders of expungement be vacated.

---

[2] Entitled "Service of motion to expunge a record[,]" La.Code Crim.P. art. 979 provides that:

    A.    The clerk of court shall serve notice of the motion of expungement by United States mail or electronically upon the following entities:

    (1)    The district attorney of the parish of conviction.
    (2)    The Louisiana Bureau of Criminal Identification and Information.
    (3)    The arresting law enforcement agency.

The State additionally objected to the motions, noting that La.Code Crim.P. art. 978(D) provides that: "Expungement of a record of arrest and conviction of a felony offense shall occur only once with respect to any person during a fifteen-year period." The State maintained that, per this wording, Mr. Hayes "is not eligible to have the record of his felony arrest and conviction in both Docket No. 65,554 and 70,689 expunged as his convictions in those matters arose from separate dates of arrest and are separate felony convictions." The State suggested that, in the event that the motion for expungement "be granted in Docket No. 70,689 [pertaining to the arrest and felony conviction for possession of cocaine]," it would object to expungement of the record of the arrest and felony conviction in "Docket No. 65,554 [pertaining to illegal possession of stolen things.]" In particular, it noted that "fifteen years would not have elapsed since the granting of the expungement in Docket No. 70,689." The State filed a similar, but converse opposition in the companion case.

The transcript of the resulting hearing, conducted on both docket numbers, indicates that the trial court reported that "by consent the previous order of expungement will be vacated" before the parties addressed the State's objection to the motions for expungement. The State repeated the argument lodged in its brief, reiterating its assertion that La.Code Crim.P. art. 978(D) allows a person to "only receive an expungement once every fifteen years for a record of a felony arrest and conviction" and that "Mr. Hayes was arrested on two separate dates and he [was] found guilty or pled guilty to both Possession of Cocaine and Possession of Illegal Things on two separate dates." It continued that: "These are two separate records of arrest and conviction, and he is only eligible by law to one." The State asserted

3

that the records of the remaining arrest and conviction would not be eligible for expungement until fifteen years after the signing of the first order.

In response, counsel for Mr. Hayes remarked upon La.Code Crim.P. art. 978's August 2014 enactment. Counsel suggested that, because an expungement does not result in destruction of the actual record, but rather allows its removal from public access, the State had no interest in "preventing an expungement of two minor felonies that are over 25 years old, using a law that says you've got to wait fifteen years in between and do one at a time[.]" Counsel for Mr. Hayes further referenced the legislative findings included within Louisiana Code of Criminal Procedure Title XXXIV, addressed below, and suggested that the intent of the enactment was to assist individuals in obtaining gainful employment. He remarked that he "fail[ed] to see how any purpose is served by saying if you've got two little felonies that are over twenty-five years old we're going to let you expunge one of them now and wait fifteen years and you can do the other one." Before taking the matter under submission, the trial court stated that: "Clearly the intent was you have a felony, you get it expunged and if you get another felony in the next fifteen years though, you can't get it expunged till fifteen more years. I don't think they anticipated this situation of two old, old felonies."

Ultimately, the trial court entered a "Judgment to Vacate, Order Expungement, and to Consolidate[.]" In addition to vacating the initial orders of expungement, the trial court overruled the State's objections and ultimately granted the motions for expungement "regarding an arrest and conviction for Illegal Possession of Stolen Things in Docket No. 65,554 "A," and an arrest and

4

conviction for Possession of Cocaine in Docket No. 70,689[.]"[3] The trial court further ordered that the two matters be "consolidated for the purpose of any appeal(s) of the order(s) to expunge granted herein."[4]

---

[3] In reasons for ruling, the trial court quoted La.Code Crim.P. art. 978(D) before determining that:

> A literal reading of this provision of law clearly indicates that Alex Hayes may only have one of the two felonies expunged, however, Hayes contends the peculiar facts and circumstances of his cases, (that being that approximately twenty-five years have elapsed since his last felony conviction) allows both records to be expunged.
>
> This Court has reviewed in detail Act No. 145 of the Regular Session of 2014, identified as House Bill No. 55. It is clear that the Legislature was of the opinion that the inability to obtain an expungement can prevent certain individuals from obtaining gainful employment. CCrP (Article 971(4)).
>
> Part 5 of Article 971 provides that the need for employment must be balanced appropriately against the desire for public safety. Paragraph 6 provides that it is the intention of the Legislature that this Title will provide opportunities to break the cycle of criminal recidivism, increase public safety, and assist the growing population of criminal offenders re-entering the community to establish a self-sustaining life through opportunities in employment.
>
> While this Legislative intent indicates that each proceeding should be reviewed on its individual facts and circumstances, the Legislature went on to enact Article 978 which included provision D that provides "expungement of a record of arrest and conviction of a felony offense shall occur only once with respect to any person during a fifteen year period." This language clearly indicates that expungement can happen for an individual only one time during a fifteen year period. However, in the case at bar fundamental fairness and justice certainly is not served by telling an individual who has been crime free for more than twenty-five years that he can have one conviction expunged and must wait fifteen years to have the other conviction expunged.
>
> This Court specifically finds that the Legislative findings are controlling in this case. The Legislature clearly indicated that the inability to obtain an expungement can prevent certain individuals from obtaining gainful employment and that the need for employment must be balanced appropriately against the desire for public safety. In the case at bar there is no showing that public safety is in danger by the Ordering of an Expungement of a 1989 AND 1991 conviction. With the intention of the Legislature being "this Title will provide opportunities to break the cycle of criminal recidivism, increase public safety, and assist the growing population of criminal offenders re-entering the community to establish a self-sustaining life through opportunities of employment," this Court finds that justice would be served by granting the Motion to Expunge.
>
> Accordingly, this Court orders that the Objection to Motion for Expungement filed by the Office of State Police be in and is hereby OVERRULED and that the Motion to Expunge filed by Alex Hayes in each docket be and is hereby GRANTED.

[4] In light of that consolidation, we address the matters collectively. The decree of the present captioned case, *State of Louisiana v. Alex Hayes*, 16-783 (La.App. 3 Cir. _/_/17), _ So.3d _, references the proceeding in trial court docket number 65,554. The companion case, *State of Louisiana v. Alex Hayes*, 16-784 (La.App. 3 Cir. _/_/17), _ So.3d _, includes the decree referencing the proceeding in trial court docket number, 70,689.

The State appealed and, by brief to this court, presents the following assignments of error:

[1]    The State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information, alleges as error the trial court's finding that the legislative findings in Code of Criminal Procedure Article 971 are controlling in determining whether Hayes is eligible to expunge the record of two separate felony convictions at one time despite the clear language of Code of Criminal Procedure Article 978(D) that provides that a defendant is only entitled to expunge the record of one felony arrest and conviction every fifteen years.

[2]    The State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information, alleges as error the trial court's determination that Alex Hayes is entitled to an expungement of the record of two separate records of a felony arrest and conviction at one time.

## Discussion

The State first argues that the trial court erred in referencing the legislature's findings in its 2014 enactment of Louisiana Code of Criminal Procedure Title XXXIV, entitled "Expungement of Records." *See* 2014 La. Acts No. 145, § 1. Title XXXIV, includes La.Code Crim.P. arts. 971-995, with La.Code Crim.P. art. 971 reflecting the legislature's findings in enacting the provisions.[5] In its reasons

---

[5] Louisiana Code of Criminal Procedure Article 971 provides:

The legislature hereby finds and declares the following:

(1) Louisiana law provides for the expungement of certain arrest and conviction records under limited circumstances. Obtaining an expungement of these records allows for the removal of a record from public access but does not result in the destruction of the record.

(2) An expunged record is confidential, but remains available for use by law enforcement agencies, criminal justice agencies, and other statutorily defined agencies.

(3) Following the passage of the Maritime Transportation Security Act of 2002, all individuals who wish to work at ports or on vessels regulated by this Act are required to obtain a Transportation Worker Identification Credential (TWIC).

for ruling, the trial court specifically referenced La.Code Crim.P. art. 971(6), which provides that "this Title will provide opportunities to break the cycle of criminal recidivism, increase public safety, and assist the growing population of criminal offenders reentering the community to establish a self-sustaining life through opportunities in employment." However, the State contends that resort to this intent was contrary to rules of statutory interpretation as the wording of La.Code Crim.P. art. 978(D) is clear and unambiguous. The State writes in its brief that: "The language of La.C.Cr.P. Article 978(D) could not be any more clear and unambiguous – during a fifteen year period, only one record of a felony arrest and conviction can be expunged."

The State further argues that application of the language of the provision does not lead to absurd consequences and, in fact, permits a defendant with the opportunity (after fifteen years) to obtain the expungement of the record of a second felony arrest and conviction. It contends that this possibility, contained

Obtaining a TWIC card requires a criminal history check and clearance which cannot be obtained without either a clean record or an expunged record with respect to certain offenses.

(4) The inability to obtain an expungement can prevent certain individuals from obtaining gainful employment.

(5) The need for employment must be balanced appropriately against the desire for public safety. Nothing in this Title shall be construed to limit or impair in any way the subsequent use of any expunged record of arrest or conviction in any lawful manner by law enforcement, law enforcement agencies, prosecutors, or judges, including its use as a predicate offense or for the provisions of the Habitual Offender Law.

(6) It is the intention of the legislature that this Title will provide opportunities to break the cycle of criminal recidivism, increase public safety, and assist the growing population of criminal offenders reentering the community to establish a self-sustaining life through opportunities in employment.

(7) In balancing the legitimate needs of law enforcement agencies and the desire to afford employment opportunities to all Louisiana citizens, the Louisiana Legislature enacts the provisions of this Title within the Code of Criminal Procedure.

within the 2014 enactment of Title XXXIV, was not available under the previous expungement provision of La.R.S. 44:9.[6] With this in mind, the State asserts that the trial court erred by considering legislative findings in light of the particular circumstances of Mr. Hayes' background in determining whether expungement was available for the records of the two separate arrests and convictions.

Certainly, the State identifies the appropriate starting point for a matter of statutory interpretation. While this matter requires interpretation of a criminal provision, the supreme court, in *State v. Griffin*, 14-1214 (La. 10/14/15), 180 So.3d 1262, 1267 n.2 (citing *State v. Bennett*, 610 So.2d 120 (La.1992), explained that: "Basic Civil Code concepts regarding interpretation of statutes are applicable to interpreting the Criminal Code." Thus, and before turning to consideration of the wording of Louisiana Code of Criminal Procedures articles at issue in *Griffin*, the supreme court referenced the fundamental principle of La.Civ.Code. art. 9, which provides that: "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature."[7] The

---

[6] Repealed by 2014 La.Acts. No. 145, § 3, La.R.S. 44:9 previously provided, in part:

[(E)(1)](d)    Notwithstanding the provisions of Code of Criminal Procedure Article 893 or any other provision of law to the contrary regarding the set aside of a conviction or the dismissal of a prosecution, an expungement of a felony conviction shall occur only once with respect to any person during a lifetime.

[7] Additionally, and specific to the context of the Louisiana Criminal Code, La.R.S. 14:3 provides that:

The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.

*See also* La.R.S. 1:4 ("When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit."); La.R.S. 1:3 ("Words and

supreme court further explained that: "The starting point for interpretation of any statute is the language of the statute itself." *Griffin*, 180 So.3d at 1267. Applying that framework, the court determined in the case before it that:

> [T]he court of appeal inadequately applied these maxims and failed to analyze the provisions at issue in accordance with our civilian tradition. Rather than starting with an analysis of whether the law is "clear and unambiguous" and therefore "shall be applied as written," La. C.C. art. 9, the court of appeal instead dove directly into analyzing the relevant provisions along with other, unrelated provisions. [*See State v. Griffin*,] 48-580, pp. 5-6 [(La.App. 2 Cir. 5/14/14)], 139 So.3d [14] at 18-19. We now begin, as we must, with the language of the relevant articles.

*Id.* at 1267 (footnotes omitted).

Here, the trial court found the language of La.Code Crim.P. art. 978(D) clear and unambiguous, stating that: "A literal reading of this provision of law clearly indicates that Alex Hayes may only have one of the two felonies expunged[.]" Seemingly upon a finding that its application would render an absurd result in light of the temporal distance of the two separate convictions, the trial court turned to consideration of the legislative findings underlying the enactment of Title XXXIV.

On review, we find no error in the trial court's determination that the language of La.Code Crim.P. art. 978(D) is clear and unambiguous and, under the facts of this case, indicates that Mr. Hayes may seek the expungement of the record of arrest and conviction for only one of the felony offenses. However, given this finding, we find error in the trial court's further decision to order both of the expungements as requested by the mover. *See Griffin*, 180 So.3d 1262. Specifically, the legislature's use of limiting language and the narrow remedy

---

phrases shall be read with their context and shall be construed according to the common and approved usage of the language. . . . The word 'shall' is mandatory and the word 'may' is permissive.").

selected for expungement of felony convictions prevents multiple expungements in this instance.

Rather, La.Code Crim.P. art. 978(D) specifically provides for the "[e]xpungement of *a* record of arrest and conviction of *a* felony offense[.]" (Emphasis added.)  It further provides that such an expungement "*shall* occur only *once*" per fifteen-year period.  *Id.* (Emphasis added.)  In addition to the clarity of that language, reference to the other Articles contained within Title XXXIV suggests that the legislature specifically tailored the motion for expungement form to require that all subject arrests, charges, and convictions (misdemeanor or felony) stem from a single, common event of arrest.  Specifically, La.Code Crim.P. art. 986(A) instructs that "[o]nly the forms" provided in successive articles "shall be used for filing motions . . . *for the expungement of a record of arrest and conviction of a misdemeanor or felony offense . . . .*"

Yet, La.Code Crim.P. art. 989, which provides the motion for expungement form, permits the mover to report only a single date of arrest, a single "arresting agency[,]" and a single "arrest number[.]"[8]  Thereafter, and within that portion of the form containing specific information as to the overall event of arrest, the form indicates that:  "Mover was booked and/or charged with the following offenses: (List each offense booked and charged separately.  Attach a supplemental sheet,[9] if necessary.)[.]"  It thereafter permits the reporting of multiple "arrests that did not result in conviction[,]" "misdemeanor convictions[,]" and "felony convictions[.]"

---

[8] That same information is to be included on the prescribed order form.  *See* La.Code Crim.P. art. 992.

[9] *See* La.Code Crim.P. art. 993 (providing the form for the "Supplemental Sheet").  Again, that form does not make provision for separate dates of arrest, arresting agency, or arrest number.

In this final, pertinent regard, the form permits the mover to report felony convictions as follows:

_____Yes_____No     **FELONY CONVICTIONS**

**ITEM NO. 1**      La. Rev. Stat. Ann.                              § _____: _____

() Conviction set          _____/_____/____
aside/dismissed            (MM/DD/YYYY)
pursuant to C.Cr.P. Art. 893(E)

() More than 10 years have passed since
completion of sentence

**ITEM NO. 2**      La. Rev. Stat. Ann.                              § _____: _____

() Conviction set          _____/_____/_____
aside/dismissed            (MM/DD/YYYY)
pursuant to C.Cr.P. Art. 893(E)

() More than 10 years have passed since
completion of sentence

However, those multiple, reportable events flow from a common date of arrest, arresting agency, and arrest number as reflected on the form as prescribed by La.Code Crim.P. art. 989.[10]

Of course, Mr. Hayes filed two such motions, one reflecting a 1989 arrest date and one reflecting a 1991 arrest date. While La.Code Crim.P. art. 978 does not speak to the filing of separate motions, Paragraph D, again, provides that: "Expungement of a record of arrest and conviction of a felony offense shall occur

---

[10] As point of clarification, however, and in order to pretermit confusion, we reject the State's characterization of La.Code Crim.P. art. 978(D) as clearly and unambiguously providing that "during a fifteen year period, only one record of a felony arrest and conviction can be expunged." That restatement of Paragraph D provides that it is the "*expungement*" that "*shall occur only once* within a fifteen-year period[.]" (Emphasis added.) Reference to the form provided by La.Code Crim.P. art. 989 undermines the State's phraseology as the form anticipates that multiple arrests and felony convictions may flow from a single, overall date of arrest.

only once with respect to any person during a fifteen-year period." Too, La.Code Crim.P. art. 992, which contains the form for the order of expungement of arrest/conviction, indicates that it is rendered after "Considering the Motion for Expungement" and repeats reference to a single arrest date, arresting agency, and arrest number. Thus, entry of separate orders in response to separate motions for expungement, as the trial court initially rendered in this matter, violates La.Code Crim.P. art. 978(D).

Accordingly, finding this matter resolved by consideration of the wording of La.Code Crim.P. art. 978 and by reference to surrounding articles on the same subject matter, we find that the trial court erred in resolving the issue as it did.[11] *See Griffin*, 180 So.3d 1262. We further find merit in the State's objection to Mr. Hayes' request for the entry of separate expungements. Accordingly, we reverse the trial court's order indicating that "each of the two Motions for Expungement" filed by the defendant were granted. We further reverse the trial court's overruling of the State's objection to Mr. Hayes' request. In light of the fact that this ruling maintains Mr. Hayes' separate pending motions for expungement, we do not render judgment further, but instead remand for further proceedings consistent with this opinion.

---

[11] We are mindful that the legislature specifically included its findings within Title XXXIV and that La.Civ.Code art. 13 indicates that "[l]aws on the same subject matter must be interpreted in reference to each other." Again, however, the purposes of enacting Title XXXIV as evidenced by La.Code Crim.P. art. 971(6) may be viewed as assisting Mr. Hayes and his "opportunities in employment[,]" albeit not in as full of a measure as sought in the present case. Limitations as to the availability of expungement are seen throughout Title XXXIV, whether due to the type of conviction or to its timing.

**DECREE**

For the foregoing reasons, the trial court's order of expungement as granted in trial court Docket Number 65,554 is reversed. The trial court judgment is further reversed to the extent it overruled the Objection to Motion for Expungement, as filed by the appellant, the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information. This matter is remanded for further proceedings consistent with this opinion.

**ORDER OF EXPUNGEMENT REVERSED. JUDGMENT OVERRULING OBJECTION TO MOTION FOR EXPUNGEMENT REVERSED. REMANDED FOR FURTHER PROCEEDINGS.**