McDONALD, J.
In this case, the St. Tammany Parish District Attorney's Office appeals the district court's grant of an expungement of a conviction for possession of a Schedule 1 controlled dangerous substance (synthetic marijuana) with the intent to distribute, a violation of La. R.S. 40:966A(1), asserting that an expungement was not allowed for that conviction under the facts of this case. After review, we affirm the district court judgment.
FACTS AND PROCEDURAL HISTORY
On September 27, 2011, A.R.W.[1] was charged by felony bill of information with supervision of transactions involving the transfer of drug proceeds in violation of La. R.S. 40:1041C (Count 1), and possession of a Schedule 1 controlled dangerous substance (synthetic marijuana) with the intent to distribute in violation of La. R.S. 40:966A(1) (Count 2). A.R.W. pled guilty to both counts on September 6, 2012. On each count she was sentenced to three years in the Department of Corrections, the sentence was suspended, and she was placed on active, supervised probation for five years, with the two sentences running concurrently. Further, she was fined $1,000.00, required to pay court costs, undergo random drug screens at her own expense, pay a $65.00 monthly supervision fee, and comply with the general requirements of probation. Her plea was accepted by the district court pursuant to La. C.Cr.P. art. 881.1, with the minutes held open until the conclusion of probation.
On September 18, 2013, the Louisiana Department of Public Safety and Corrections (the Department) filed a petition for cause, presenting an official report on the conduct and attitude of A.R.W., stating that she had satisfied all of the conditions of probation and was currently enrolled in college. The Department asked that A.R.W.'s probation be terminated early and satisfactorily in accordance with Probation and Parole Supervision Policy 623. On September 25, 2013, after considering the report from the Department, the district court ordered that after payment of fines, costs, and restitution, A.R.W.'s probation be terminated early and satisfactorily, *650 in accordance with Probation and Parole Supervision Policy 623.
On April 1, 2014, A.R.W. filed a La. C.Cr.P. article 881.1 motion for resentencing pursuant to La. C.Cr.P. art. 893. On July 3, 2014, the district court granted the motion for resentencing under La. C.C.P. art 881 pursuant to C.Cr.P. art. 893.
Thereafter, on November 2, 2016, A.R.W. filed a motion to set aside her conviction and dismiss the prosecution for the charge of supervision of transactions involving the transfer of drug proceeds in violation of La. R.S. 40:1041C, and the charge of possession of a Schedule 1 controlled dangerous substance (synthetic marijuana) with the intent to distribute in violation of La. R.S. 40:966A(1).
On November 7, 2016, the District Attorney's Office filed an opposition to A.R.W.'s motion to set aside her conviction and dismiss the prosecution only as to the conviction for possession of a Schedule 1 controlled dangerous substance (synthetic marijuana) with the intent to distribute in violation of La. R.S. 40:966A(1). The District Attorney's office maintained that pursuant to La. C.Cr.P. art. 893E(l)(b) and (3)(a), she was ineligible for a La. C.Cr.P. art. 893 dismissal of that conviction without successful completion of Drug Court and the concurrence of their office, but that she had not been given Drug Court as a condition of probation. The District Attorney's Office had no opposition to A.R.W.'s motion as to the conviction for supervision of transactions involving the transfer of drug proceeds in violation of La. R.S. 40:1041C.
A.R.W.'s motion to set aside the conviction and dismiss the prosecution was heard on November 19, 2017, and the motion was granted. Thereafter, on November 24, 2017, the district court signed a judgment setting aside the conviction and dismissing the prosecution for purposes of expungement.
On January 30, 2017, A.R.W. filed a motion for expungement. She asked for expungement of three items: the record of her arrest on July 29, 2011 for possession of drug paraphernalia in violation of La. R.S. 40:1023, which did not result in a conviction (the charge was dismissed); her conviction for possession with intent to distribute Schedule 1 drugs in violation of La. R.S. 40:966A(1) which had been dismissed; and her conviction for transactions involving drug proceeds in violation of La. R.S. 40:1041C.
The District Attorney's Office filed a response opposing only A.R.W.'s motion for expungement as to Count 2, asserting that because A.R.W. had pled guilty to possession with intent to distribute synthetic marijuana, pursuant to La. C.Cr.R art. 893E(1)(b) and (3)(a), she was ineligible for an Article 893 dismissal without successful completion of Drug Court and the concurrence of their office. The District Attorney's Office asserted that Drug Court was not a condition of A.R.W.'s probation, thus she had not met all of the requirements for an expungement. The matter was set for a contradictory hearing.
Following the hearing, the district court granted A.R.W.'s motion for expungement. The District Attorney's Office has appealed.
ANALYSIS
On appeal, the District Attorney's Office asserts that the district court erred in granting the motion to expunge the conviction for possession with intent to distribute a controlled dangerous substance because the expungement was not authorized by law.
Expungement is defined to mean removal of a record from public access, but *651 it does not mean destruction of the record. An expunged record is confidential but remains available for use by law enforcement agencies and other specified persons and agencies. State v. Taylor, 2011-0373 (La. App. 1 Cir. 3/23/12), 91 So.3d 1065, 1070. Expungement matters are reviewed by this court under its civil appellate jurisdiction. State v. Flynn, 2017-0485 (La. App. 1 Cir. 6/16/17) (unpublished writ action).
Louisiana Code of Criminal Procedure article 881.1 provides in part:
A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
* * * * *
(4) In cases when a defendant has successfully completed probation pursuant to the provisions of Code of Criminal Procedure Article 895(B)(3), the defendant may file a motion to reconsider the sentence for the purpose of determining whether the sentence should be set aside and the prosecution dismissed pursuant to the provisions of Code of Criminal Procedure Article 893. Such motion shall be filed within two years of the date of successful completion of the probation imposed by the court. If the court finds that the defendant is eligible for the benefits of Code of Criminal Procedure Article 893(E), then the court with the concurrence of the district attorney may set aside the conviction and dismiss prosecution in accordance with law.
B. The motion shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based.
Louisiana Code of Criminal Procedure article 893 provides in part:
A. (1)(a) When it appears that the best interest of the public and of the defendant will be served, the court, after a first, second, or third conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole. The court shall not suspend the sentence of a second or third conviction of R.S. 14:73.5. Except as provided in Paragraph G of this Article, the period of probation shall be specified and shall not be more than three years.
* * * * *
E. (1)(a) When it appears that the best interest of the public and of the defendant will be served, the court may defer, in whole or in part, the imposition of a sentence after conviction of a first offense noncapital felony under the conditions set forth in this Paragraph. When a conviction is entered under this Paragraph, the court may defer the
imposition of sentence and place the defendant on probation under the supervision of the division of probation and parole.
(b) The court shall not defer a sentence under this provision for an offense or an attempted offense that is designated in the court minutes as a crime of violence pursuant to Article 890.3 or that is defined as a sex offense by R.S. 15:541, involving a child under the age of seventeen years or for a violation of the Uniform Controlled Dangerous Substances Law that is punishable by a term of imprisonment of more than five years or for a violation of R.S. 40:966(A), 967(A), 968(A), 969(A), or 970(A).
(2) Upon motion of the defendant, if the court finds at the conclusion of the *652 probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses. Dismissal under this Paragraph shall occur only once with respect to any person.
(3)(a) When a case is accepted into a drug court division probation program pursuant to the provisions of R.S. 13:5304 and at the conclusion of the probationary period the court finds that the defendant has successfully completed all conditions of probation, the court with the concurrence of the district attorney may set aside the conviction and dismiss prosecution, whether the defendant's sentence was suspended under Paragraph A of this Article or deferred under Subparagraph (1) of this Paragraph. The dismissal of prosecution shall have the same effect as an acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses.
(b) The court may extend the provisions of this Paragraph to any person who has previously successfully completed a drug court program and satisfactorily completed all other conditions of probation.
(c) Dismissal under this Paragraph shall have the same effect as an acquittal for purposes of expungement under the provisions of Title XXXIV of the Code of Criminal Procedure and may occur only once with respect to any person.
(4) When a defendant, who has been committed to the custody of the Department of Public Safety and Corrections to serve a sentence in the intensive incarceration program pursuant to the provisions of Article 895(B)(3), has successfully completed the intensive incarceration program as well as successfully completed all other conditions of parole or probation, and if the defendant is otherwise
eligible, the court with the concurrence of the district attorney may set aside the conviction and dismiss prosecution, whether the defendant's sentence was suspended under Paragraph A of this Article or deferred under Subparagraph (1) of this Paragraph. The dismissal of prosecution shall have the same effect as an acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses. Dismissal under this Subparagraph shall have the same effect as an acquittal for purposes of expungement under the provisions of Title XXXIV of the Code of Criminal Procedure and may occur only once with respect to any person.
The provisions pertaining to expungement are found at La. C.Cr.P. art. 978 and provide in part:
A. Except as provided in Paragraph B of this Article, a person may file a motion to expunge his record of arrest and conviction of a felony offense if either of the following apply:
(1) The conviction was set aside and the prosecution was dismissed pursuant to Article 893(E).
*653 (2) More than ten years have elapsed since the person completed any sentence, deferred adjudication, or period of probation or parole based on the felony conviction, and the person has not been convicted of any other criminal offense during the ten-year period, and has no criminal charge pending against him. The motion filed pursuant to this Subparagraph shall include a certification obtained from the district attorney which verifies that, to his knowledge, the applicant has no convictions during the ten-year period and no pending charges under a bill of information or indictment.
B. No expungement shall be granted nor shall a person be permitted to file a motion to expunge the record of arrest and conviction of a felony offense if the person was convicted of the commission or attempted commission of any of the following offenses:
* * * *
(3) A violation of the Uniform Controlled Dangerous Substances Law, except for any of the following which may be expunged pursuant to the provisions of this Title:
(a) A conviction for possession of a controlled dangerous substance as provided for in R.S. 40:966(C), 967(C), 968(C), or 969(C), or 970(C).
(b) A conviction for possession of a controlled dangerous substance with the intent to distribute.
(c) A conviction for a violation of the Uniform Controlled Dangerous Substances Law which is punishable by a term of imprisonment of not more than five years.
(d) A conviction for a violation of the Uniform Controlled Dangerous Substances Law which may be expunged pursuant to Article 893(E).
We first note that in State v. Taylor, 91 So.3d at 1069, this court found that expungement was available in the case of a deferred sentence, but not in the case of a suspended sentence. However, this case differs from State v. Taylor as herein the district court suspended the sentence and effectively deferred the sentence at the same time by accepting the guilty plea pursuant to La. C.Cr.P. art 881.1 and holding the minutes open. Even though the sentence was initially imposed and the execution was suspended as in State v. Taylor, the court held the minutes open and deferred a motion for reconsideration of the sentence until she completed her probation. At that time the court resentenced the defendant under the provisions of La. C.Cr.P art. 893. This article provides for either a suspension of the execution of the sentence or a deferral of the imposition of the sentence. While it would have been better if the court had specified what portion of Article 893 was being applied in the resentencing, it appears it had to be the portion providing for a deferral of the imposition of sentence since the original sentence had already been suspended.
Louisiana Code of Criminal Procedure article 978B(3)(b) provides that a violation of the Uniform Controlled Dangerous Substances Law may not be expunged pursuant to the provisions of Title 34, with exceptions, including an exception allowing for expungement of a conviction for possession of a controlled dangerous substance with the intent to distribute. This seemingly is in conflict with La. C.Cr.P. art. 893E(1)(b) which prevents deferral of a sentence for certain offenses, including La. R.S. 40:966(A), which prohibits distribution or possession with intent to distribute a Schedule I controlled dangerous substance such as synthetic marijuana. However, the expungement statute clearly envisions an expungement for possession with intent to distribute and not for distribution of a controlled dangerous substance.
*654 See La. C.Cr.P. art. 978B(3)(b). Thus, these statutes contemplate some situations where expungement is allowed in the case of a possession with intent to distribute violation. These are found in La. C.Cr.P. art. 893E.
Louisiana Code of Criminal Procedure article 893E has four separate distinct sections relating to expungement. The District Attorney maintains that sections (3) and (4) require completion of a Drug Court diversion program and the concurrence of the District Attorney's Office, or completion of an intensive incarceration program and concurrence of the District Attorney's Office, respectively. We agree that neither of these has occurred; however, those provisions, as written by the Legislature, are alternatives. Since sections (2), (3), and (4) are distinctive, individual sections, the Legislature must have meant that each one should be considered independently of the others. Thus, we find that it is not necessary that sections (3) and (4) be met. The applicable section herein is La. C.Cr.P. art. 893E(2), which provides that "Upon motion of the defendant, if the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution." That provision has been met.
Legislation is a solemn expression of the legislative will; thus, the interpretation of legislation is primarily the search for the Legislative intent. Cat's Meow, Inc. v. City of New Orleans through Dept. of Finance, 98-0601 (La. 10/20/98), 720 So.2d 1186, 1198. The legislative intent of 2014 La. Acts No. 145, which enacted La. C.Cr.P. art. 978, reveals that the new law provides for a comprehensive revision and major changes to the prior law, La. R.S. 44:9. See generally 2014 La. Acts No. 145, Sections 1 and 3 (enacting La. C.Cr.P. art. 971, et seq. and repealing La. R.S. 44:9 ). Since the purpose of La. C.Cr.P. art. 978 is remedial, rather than penal, it is to be liberally construed to make the statutory rule apply in more situations than would be the case under strict construction. See State v. Boniface, 369 So.2d 115, 116-117 (La. 1979). Louisiana Code of Criminal Procedure article 978 unequivocally provides for expungement for conviction for possession of a controlled dangerous substance with intent to distribute; La. C.Cr.P. art. 893E provides three separate ways in which this can be accomplished, namely, E(2), (3), and (4).
Expungement is allowed in this case as La. C.Cr.P. art. 893E(2) has been complied with; thus, we find that the district court did not err in granting A.R.W.'s expungement as to possession of a Schedule 1 controlled dangerous substance with the intent to distribute in violation of La. R.S. 40:966A(1) under the facts of this case.
CONCLUSION
For the foregoing reasons, the district court judgment is affirmed. Costs in the amount of $565.00 are assessed against the St. Tammany Parish District Attorney's Office.
AFFIRMED.

As A.R.W. was granted an expungement, and the purpose of an expungement is to preserve privacy, we utilize her initials to preserve her privacy. See State v. L.B. , 95-2115 (La. App. 1 Cir. 5/30/96), 676 So.2d 179, n. 1.