STATE OF LOUISIANA      *      NO. 2023-K-0070

VERSUS      *

JOHN THOMAS      *      COURT OF APPEAL

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 370-320 C\W 376-668, SECTION "DIVISION D"
Judge Kimya M. Holmes,
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Daniel L. Dysart, Judge Rosemary Ledet)


Sarah Whittington
JUSTICE & ACCOUNTABILITY CENTER OF LOUISIANA
4035 Washington Ave.
Suite 203
New Orleans, LA 70125
    COUNSEL FOR RELATOR


**WRIT GRANTED; JUDGMENT
VACATED; AND REMANDED
March 17, 2023**

*RML*
*TFL*
*DLD*

In this writ application, the Relator, John Thomas, seeks review of the district court's January 5, 2023 ruling denying his motions for expungement of two arrests and convictions. For the following reasons, we grant Mr. Thomas' writ, vacate the district court's ruling, and remand.

## PROCEDURAL AND FACTUAL BACKGROUND

Mr. Thomas was arrested and convicted of several misdemeanor and felony offenses between 1994 and 2006. In August 2022, Mr. Thomas filed a motion for expungement of a misdemeanor theft conviction, for which he was arrested in April 1994. Mr. Thomas completed his sentence for this conviction in June 1996. Mr. Thomas later amended this motion to seek expungement of several charges stemming from his April 1994 arrest that did not result in convictions. Mr. Thomas also filed a motion for expungement of a felony conviction for simple robbery, for which he was arrested in May 1995. This conviction carried a seven-year sentence imposed in February 1996. In this same motion, he sought expungement of charges stemming from the May 1995 arrest that did not result in conviction.

1

Mr. Thomas attached to his expungement motions a criminal history report prepared by the Clerk of Orleans Parish Criminal District Court less than thirty days before Mr. Thomas filed his motions. The criminal history report reflects that the sentences on the convictions which Mr. Thomas sought to expunge were completed more than ten years before he filed his motions. The criminal history report also reflects that Mr. Thomas was convicted of other criminal offenses after the two offenses he sought to expunge. But, Mr. Thomas completed all criminal sentences and remained free from arrest or conviction for more than ten years before filing his expungement motions.

Mr. Thomas also attached certification letters from the Orleans Parish District Attorney to his expungement motions. These form letters, required by La. C.Cr.P. arts. 977(A)(2) and 978(A)(2), verified that there were no criminal charges pending against Mr. Thomas. The certification letters also included prewritten statements concerning Mr. Thomas' criminal convictions since he completed the sentences for the offenses he sought to expunge, with check boxes next to each statement to indicate the District Attorney verified the statement.[1] The check boxes verifying that Mr. Thomas has not been convicted of a criminal or felony

_____

[1] The pertinent language from the certification letters states as follows:

> In accordance with Article 971 et seq. of the Louisiana Code of Criminal Procedure Article 983 [*sic*], the Office of the District Attorney of Orleans Parish has reviewed the available databases and determined that (Check all that apply):
> . . .
> The arrestee listed above has NOT BEEN CONVICTED OF A CRIMINAL OFFENSE during the ten-year period since the arrestee completed his or her sentence, deferred adjudication, or period of probation or parole based on conviction for the arrest listed above.
>
> The arrestee listed above HAS NOT BEEN CONVICTED OF A FELONY OFFENSE during the five-year period since the arrestee completed his or her sentence, deferred adjudication, or period of probation or parole based on conviction for the arrest listed above.

2

offense in the ten-year or five-year period since he completed the sentences were left blank on the certification letters attached to Mr. Thomas' expungement motions.

The Louisiana State Police Bureau of Criminal Identification and Information (the "State Police") opposed both motions in several different filings. In October, the State Police opposed Mr. Thomas' misdemeanor expungement motion, arguing that La. C.Cr.P. art. 977 permits expungement of a misdemeanor conviction only if the offender is not subsequently convicted of a felony during the five years immediately after completing his sentence on the misdemeanor he seeks to expunge. Because Mr. Thomas was convicted of two felonies within five years of his misdemeanor theft conviction, the State Police contended that his misdemeanor theft conviction was ineligible for expungement.

In November, the State Police opposed Mr. Thomas' felony expungement motion, asserting that "D[efendant] is eligible for expungement based on tp [*sic*]. However, has failed to provide the DA certification as required by Art 978(E)(2)." Later, the State Police filed another opposition applying the argument made in opposition to Mr. Thomas' misdemeanor expungement motion to Mr. Thomas' felony expungement motion. The State Police asserted that Mr. Thomas pled guilty to another felony offense within ten years of completing the sentence on the felony conviction he sought to expunge. Contradicting its earlier position that Mr. Thomas' felony conviction was eligible for expungement, the State Police reasoned, "[La.] C.Cr.P. art. 978(A)(a) [*sic*] prohibits [Mr. Thomas'] record from being expunged."

At the hearing on Mr. Thomas' motions, counsel for the State Police echoed her written oppositions, reasoning that "if you can't keep your record clean, then

you're not entitled to the expungement. So if in that five-year period from the completion of the misdemeanor sentence you get another arrest and conviction, then you're prohibited from getting it expunged." At the hearing, the Assistant District Attorney adopted the State Police's arguments in opposition.[2]

At the conclusion of the hearing, the district court denied Mr. Thomas' expungement motions. This writ application followed.[3]

## DISCUSSION

Generally, misdemeanor and certain felony offenses are eligible for expungement if the applicant has waited the requisite period of time to obtain expungement (the "cleansing period"); the applicant has remained free of criminal convictions—or felony convictions, in the case of misdemeanor expungement— during the cleansing period; and the applicant has no criminal charges pending at the time he seeks expungement. *See* La. C.Cr.P. arts. 977 and 978. Mr. Thomas argues that he satisfies all eligibility requirements and that the State Police's interpretation of the cleansing periods provided in La. C.Cr.P. arts. 977 and 978 is incorrect. Mr. Thomas contends that, in determining whether an applicant is eligible to have records of an offense expunged, the pertinent cleansing period is the period of time immediately preceding the expungement application, rather than the period of time immediately following completion of the applicant's sentence, deferred adjudication, probation or parole. Mr. Thomas reasons that later criminal convictions may interrupt the cleansing period for expungement of an earlier offense, but they do not foreclose expungement eligibility altogether.

---

[2] The District Attorney, however, did not file a written opposition to Mr. Thomas' expungement motions.

[3] We ordered the State Police to respond to Mr. Thomas' writ application but received no response.

4

It is undisputed that, at the time Mr. Thomas filed his expungement motions, nearly twenty years had elapsed since he completed his sentence for felony simple robbery and nearly thirty years had elapsed since he completed his sentence for misdemeanor theft—the two crimes he sought to expunge. Likewise, it is undisputed that more than ten years had elapsed since Mr. Thomas completed any criminal sentence and that he had not been convicted of any offenses during the ten-year period immediately preceding filing his expungement motion. Thus, this writ presents a purely legal question of statutory interpretation.

Whether a trial court was legally correct in its statutory interpretation and application is a question of law that is reviewed *de novo*, affording no deference to the trial court's decision. *Durio v. Horace Mann Ins.*, 11-0084, p. 14 (La. 10/25/11), 74 So.3d 1159, 1168. "The starting point for interpretation of any statute is the language of the statute itself." *State v. Griffin*, 14-1214, p. 5 (La. 10/14/15), 180 So.3d 1262, 1267. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." *Id.*, 14-1214, pp. 4-5, 180 So.3d at 1267. "However, when the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. Moreover, when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole." *Red Stick Studio Dev., L.L.C. v. State ex rel. Dep't of Econ. Dev.*, 10-0193, p. 10 (La. 1/19/11), 56 So.3d 181, 188 (quoting *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-2371, p. 13 (La. 7/1/08), 998 So.2d 16, 27).

5

With these principles in mind, we examine the language of La. C.Cr.P. arts. 977 and 978.[4]  Article 977 establishes the pertinent eligibility requirements for expungement of a misdemeanor arrest and conviction, as follows:

> A. A person may file a motion to expunge his record of arrest and conviction of a misdemeanor offense if either of the following apply:
>
> (1) The conviction was set aside and the prosecution was dismissed pursuant to Article 894(B) of this Code.
>
> (2) More than five years have elapsed since the person completed any sentence, deferred adjudication, or period of probation or parole, and the person has not been convicted of any felony offense during the five-year period, and has no felony charge pending against him. The motion filed pursuant to this Subparagraph shall include a certification obtained from the district attorney which verifies that to his knowledge the applicant has no felony convictions during the five-year period and no pending felony charges under a bill of information or indictment.

La. C.Cr.P. art. 977.

Article 978, in turn, establishes the pertinent eligibility requirements for expungement of certain felony arrests and convictions.  La. C.Cr.P. art. 978.  Subsection E of article 978 provides the requirements for expungement of a simple robbery offense, among others, as follows:

> E. (1) Notwithstanding any other provision of law to the contrary, after a contradictory hearing, the court may order the expungement of the arrest and conviction records of a person pertaining to a conviction of aggravated battery, second degree battery, aggravated criminal damage to property, simple robbery, purse snatching, or illegal use of weapons or dangerous instrumentalities if all of the following conditions are proven by the petitioner:
>
> (a) More than ten years have elapsed since the person completed any sentence, deferred adjudication, or period of probation or parole based on the felony conviction.
> (b) The person has not been convicted of any other criminal offense during the ten-year period.

_____

[4] Throughout this opinion, La. C.Cr.P. arts. 977 and 978 are sometimes referred to collectively as the "Expungement Statutes."

6

(c) The person has no criminal charge pending against him.

…

(2) The motion filed pursuant to this Paragraph shall include a certification from the district attorney which verifies that, to his knowledge, the applicant has no convictions during the ten-year period and no pending charges under a bill of information or indictment. The motion shall be heard by contradictory hearing as provided by Article 980.

La. C.Cr.P. art. 978(E).

The language in dispute is "the five-year period" and "the ten-year period," during which a person seeking expungement must remain free from felony or criminal convictions to be eligible for expungement. According to the State Police, these cleansing periods commence immediately after the completion of the sentence, deferred adjudication, or probation or parole period. The State Police conclude that any conviction—or, in the case of a misdemeanor, any felony conviction—during this time period will forever disqualify the earlier offense from expungement. The State Police's interpretation is clear and unambiguous when applied to an applicant who seeks expungement on the first date of eligibility—i.e., five years and one day after completing a misdemeanor sentence and ten years and one day after completing a felony sentence. But, in many instances, the language of the Expungement Statutes do not clearly and unambiguously lead to the conclusion drawn by the State Police.

The Expungement Statutes mandate that a person seeking expungement of an offense wait more than five or ten years after completing their sentence. La. C.Cr.P. arts. 977(A)(2), 978(E)(1)(a). As such, a person, such as Mr. Thomas, could have multiple periods of ten or five years during the intervening time between completing his sentence and seeking expungement. The statute is

7

ambiguous as to whether the earliest or latest ten-year or five-year period is the period of time during which he must remain conviction-free for expungement eligibility.

Because the language at issue is ambiguous and susceptible of different meanings, we must ascertain the legislative intent and interpret the meaning that best conforms to the law's purpose. *See State v. Dick*, 06-2223 (La. 1/26/07), p. 9, 951 So.124, 130. In La. C.Cr.P. art. 971, the Legislature declared its findings and intent in enacting the Expungement Statutes. Article 971 statute provides, in pertinent part, that "[i]t is the intention of the legislature that this Title will provide opportunities to break the cycle of criminal recidivism, increase public safety, and assist the growing population of criminal offenders reentering the community to establish a self-sustaining life through opportunities in employment." La. C.Cr.P. art. 971(6). Moreover, during a hearing before the House Committee on Administration of Criminal Justice on the bill that enacted the current expungement scheme, 2014 HB 55, Senator Richard Gallot, a sponsor of the bill, was asked to clarify the meaning of the cleansing period for misdemeanor expungement. *Hearing before the Committee on Administration of Criminal Justice*, 2014 Louisiana State Legislature Regular Session (March 19, 2014) (statement of Sen. Richard Gallot). He responded, "Basically staying out of trouble for five years—that's the cleansing period." *Id*. Senator Gallot further confirmed that the same was true of the ten-year period codified in La. C.Cr.P. art. 978. *Id*. In his remarks, Senator Gallot did not limit the prerequisite cleansing period to the years immediately following completion of their sentence.

In *State v. A.R.W.*, 17-1162, pp. 9-10 (La. App. 1 Cir. 2/16/18), 242 So.3d 648, 654, the court also examined the legislative intent behind the Expungement

Statutes. There, the court found that the Expungement Statutes are remedial, rather than penal. *Id*. Thus, the court concluded, the Expungement Statutes must be liberally construed to make them apply in more situations than they would under strict construction. *Id.* (citing *State v. Boniface*, 369 So.2d 115, 116-17 (La. 1979)).

We agree. Between the two possible interpretations of the cleansing periods in the Expungement Statutes advanced by the parties, Mr. Thomas' position best conforms to the Legislature's intent in enacting the Expungement Statutes. We reach this conclusion based on the legislative findings codified in La. C.Cr.P. art. 971, buttressed by the foregoing statements from a sponsor of the legislation that enacted the Expungement Statutes. The legislative goal of assisting criminal offenders to reenter society and obtain employment is not helped, but rather hindered, by forever foreclosing their ability to expunge records of criminal offenses committed decades earlier on the basis that a similarly ancient offense was committed a short time thereafter.

Our findings of legislative intent are also guided by reading the Expungement Statutes in *pari materia* with La. R.S. 14:95.1, which criminalizes possession of a firearm by persons convicted of certain felonies. Like the Expungement Statutes, La. R.S. 14:95.1(C) provides a similar ten-year cleansing period after which a person convicted of certain felonies is permitted to possess a firearm. Courts interpreting the cleansing period in La. R.S. 14:95.1(C) have found that a felony conviction during the ten-year cleansing period interrupts—but does not foreclose—the cleansing period. *See State v. Batiste,* 96-2203, p. 8 (La. App. 4 Cir. 10/22/97), 701 So.2d 729, 733 (citing *State v. Badie*, 626 So.2d 46, 48 (La. App. 1st Cir. 1993)).

Lastly, we find further evidence buttressing our conclusion in the State Police's own interpretation of the cleansing periods in prior cases. In at least two reported cases, the State Police have interpreted the cleansing periods in the Expungement Statutes as the time period immediately preceding the filing of the expungement motion. In *State v. Robillard*, 20-1308, (La. App. 1 Cir. 7/22/21), 2021 WL 3087881 (*unpub.*), the defendant filed a motion to expunge two 1999 misdemeanor convictions, two 2000 misdemeanor convictions, and a 2002 felony conviction. Contrary to its argument in the instant case, in *Robillard*, the State Police conceded that the earlier misdemeanor offenses were eligible for expungement, despite the defendant's convictions within the five-year period immediately following completion of his sentence.[5] *Id.*, 20-1308, p. 1, 2021 WL 3087881, **3.

Similarly, in *State v. Hayes*, 16-0783 (La. App. 3 Cir. 2/1/17), 211 So.3d 520, the defendant filed motions to expunge a 1989 felony conviction and a 1991 felony conviction. The State Police opposed the motions on other grounds but conceded that the defendant was eligible to have either the 1989 or the 1991 conviction expunged—just not both. *Id.*, 16-0783, p. 3, 211 So.3d at 821. Although the State Police is not barred from reinterpreting the law as it sees fit, we find its position on this subject in prior cases undermines its argument in the instant case.

Considering the legislative intent of the Expungement Statutes and the liberal construction afforded them, we find that the operative cleansing period under La. C.Cr.P. arts. 977 and 978 is the time period immediately preceding the

---

[5] The State Police's opposition to the expungement motion in *Robillard* was solely based on the defendant's payment of processing fee for each date of arrest.

filing of the expungement motion. Thus, Mr. Thomas' felony convictions during the five years after completing his misdemeanor sentence and his criminal convictions during the ten years after completing his felony sentence interrupted the waiting period for expungement eligibility, but these circumstances did not forever foreclose his eligibility to obtain expungement of those offenses.

Despite the foregoing findings, we are unable to reverse the district court's ruling due to the incomplete certification forms from the District Attorney that Mr. Thomas attached to his expungement motions. The Expungement Statutes mandate inclusion of a certification from the District Attorney verifying that the applicant has remained free from criminal conviction, or free from felony conviction in the case of misdemeanor expungement, during the applicable cleansing period. The certifications attached to Mr. Thomas' expungement motions do not verify this information, precluding the district court from granting Mr. Thomas' motions. Accordingly, we vacate the district court's January 5, 2023 ruling and remand this matter for further proceedings consistent with this opinion.[6]

## DECREE

For the foregoing reasons, we vacate the district court's January 5, 2023 ruling denying Mr. Thomas' expungement motions and remand this matter to the district court for further proceedings consistent with this opinion.

**WRIT GRANTED;**
**JUDGMENT VACATED;**
**AND REMANDED**

---

[6] Because the District Attorney filed no written opposition to Mr. Thomas' expungement motions and merely adopted the State Police's argument at the hearing, we cannot discern whether the District Attorney declined to complete the certification forms because it interpreted the cleansing periods in the same manner as the State Police. Regardless, this opinion will serve to clarify the appropriate cleansing period to employ when determining expungement eligibility and verifying the requisite information in the certification forms.